JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
MINAE YU, SBN 268814
  myu@gibsondunn.com
JONATHAN N. SOLEIMANI, SBN 295673
  jsoleimani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ORIN SNYDER (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:   212.351.4035

Attorneys for Defendant,
*MGM Domestic Television Distribution LLC*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARZ ENTERTAINMENT, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MGM DOMESTIC TELEVISION<br>DISTRIBUTION LLC,<br><br>    Defendant. | CASE NO. 2:20-cv-04085-DMG-KS<br><br>**DEFENDANT MGM DOMESTIC<br>TELEVISION DISTRIBUTION LLC'S<br>ANSWER TO COMPLAINT** |

## ANSWER

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant MGM Domestic Television Distribution LLC ("MGM" or "Defendant"), by and through its undersigned counsel, hereby answers Plaintiff Starz Entertainment, LLC's ("Starz" or "Plaintiff") Complaint.

Numbered paragraphs below correspond to the numbered paragraphs in the Complaint.  Except as expressly admitted, MGM denies each and every allegation in the Complaint.  MGM further denies all allegations contained in any unnumbered paragraphs, headings, subheadings or footnotes in Starz's Complaint.  Such allegations do not comply with Federal Rule of Civil Procedure 10(b), which require that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  No response is therefore required to any such improper allegations.  MGM expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

Subject to the foregoing, MGM states as follows:

1.     MGM admits that Starz purports to bring its Complaint pursuant to 17 U.S.C. §§ 101 *et seq.* and California law.  The allegations contained in the second sentence of Paragraph 1 are legal conclusions to which no response is required.  MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 1, and on that basis, denies the allegations contained therein.

## NATURE OF THE ACTION

2.     MGM admits that MGM and Starz entered into two agreements with effective dates of July 26, 2013 (the "2013 Agreement") and May 7, 2015 (the "2015 Agreement") (collectively, the "Library Agreements"), under which MGM granted Starz a limited license to exhibit certain motion pictures and television series (hereinafter referred to as "titles") owned and/or distributed by MGM by means of Pay Television and SVOD/SOD with respect to the specified media, as such terms are defined in the

Library Agreements, during a delineated time period, which varied title by title, in delineated territories in delineated languages, subject to certain terms and exceptions. MGM further admits that in 2019, MGM provided to Starz a preliminary list of titles that MGM at the time believed may have been available on third-party platforms during Starz's license period for such titles. Except as expressly admitted, MGM denies the allegations in Paragraph 2.

3.      MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 3, and on that basis, denies the allegations contained therein. MGM denies the remainder of the allegations in Paragraph 3.

4.      MGM admits that Starz purports to bring this action against MGM for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, breach of contract and breach of the covenant of good faith and fair dealing and seeks monetary damages and injunctive relief. Except as expressly admitted, MGM denies the allegations in Paragraph 4 and specifically denies that Starz has stated a proper claim or that Starz is entitled to the relief it seeks.

5.      MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and on that basis, denies the allegations contained therein.

6.      MGM admits that under the Library Agreements, MGM granted Starz a limited license to exhibit *Bill & Ted's Excellent Adventure; Bull Durham; Dances With Wolves; Rain Man; Hannibal; The Birdcage; Valkyrie; Be Cool; Moonstruck; Stargate; The Good, The Bad, and The Ugly; The Manchurian Candidate; Thelma & Louise; The Thomas Crown Affair; Mad Max; The Terminator;* and certain James Bond films including *Never Say Never Again, Die Another Day, The World is Not Enough*, and *Tomorrow Never Dies* by means of Pay Television and SVOD/SOD with respect to the specified media during a delineated time period in delineated territories in delineated

languages, subject to certain terms and exceptions.  Except as expressly admitted, MGM denies the allegations in Paragraph 6.

7.    MGM admits that it licensed Starz the right to exhibit certain motion pictures and television series in accordance with the terms of the Library Agreements.  Except as expressly admitted, MGM denies the allegations in Paragraph 7, and specifically denies that Starz had any exclusive rights concerning any titles beyond those specifically licensed to it under the Library Agreements.

8.    MGM admits that certain titles to which Starz had a limited license were available on third-party platforms during Starz's license period for those titles in 2015 or earlier.  MGM denies that it breached the Library Agreements with respect to over 150 titles or 32% of the titles covered therein.  Except as expressly admitted or denied, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and on that basis, denies the allegations contained therein.

9.    MGM denies the allegations in Paragraph 9.

10.    MGM admits that it acknowledged to Starz that *Bill & Ted's Excellent Adventure*, which Starz had a limited license to exhibit, was also available through Amazon during a part of Starz's license period.  Except as expressly admitted, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and on that basis, denies the allegations contained therein.

11.    MGM admits that in November 2019, MGM provided to Starz a preliminary list of titles that MGM at the time believed may have been available on third-party platforms during Starz's license period for those titles.  MGM further admits that Starz has attached Exhibit A to its Complaint.  Except as expressly admitted, MGM denies the allegations in Paragraph 11, including on the basis that MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

Gibson, Dunn &
Crutcher LLP

12. MGM denies the allegations in Paragraph 12.

13. MGM admits that Starz purports to bring this action under the Copyright Act and pursuant to the Library Agreements and seeks monetary damages, injunctive relief, and attorney's fees.  Except as expressly admitted, MGM denies the allegations in Paragraph 13 and specifically denies that Starz has stated a proper claim or that Starz is entitled to the relief it seeks.

## THE PARTIES

14. MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, and on that basis, denies the allegations contained therein.

15. MGM admits the allegations contained in Paragraph 15.

## JURISDICTION AND VENUE

16. To the extent that the allegations in Paragraph 16 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, MGM admits that Starz purports to plead jurisdiction over Counts 1-1020 pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, MGM denies the allegations in Paragraph 16.

17. To the extent that the allegations in Paragraph 17 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, MGM admits that Starz purports to plead jurisdiction over Counts 1021 and 1022 pursuant to 28 U.S.C. §§ 1367(a).  Except as expressly admitted, MGM denies the allegations in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, MGM admits the allegations contained in Paragraph 18.

19. To the extent that the allegations in Paragraph 19 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, MGM admits that it has a regular and established place of business in

California and in this District.   Except as expressly admitted, MGM denies the allegations in Paragraph 19.

## STATEMENT OF FACTS

### STARZ's Business and the Importance of Exclusivity

20.    MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and on that basis, denies the allegations contained therein.

21.    MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and on that basis, denies the allegations contained therein.

22.    MGM admits that it entered into the Library Agreements with Starz, under which MGM granted Starz a limited license to exhibit certain titles owned and/or distributed by MGM by means of Pay Television and SVOD/SOD with respect to the specified media, as such terms are defined in the Library Agreements, during a delineated time period in delineated territories in delineated languages, subject to certain terms and exceptions.   Except as expressly admitted, MGM denies the allegations contained in Paragraph 22, including on the basis that MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and specifically denies the allegation that Starz was the only service with the right to exhibit any of the titles at any time.

23.    MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and on that basis, denies the allegations contained therein.

24.    MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and on that basis, denies the allegations contained therein.

25.     MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and on that basis, denies the allegations contained therein.

26.     MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and on that basis, denies the allegations contained therein.

## STARZ's Exclusive Licensing Agreements with MGM

27.     MGM admits that it entered into the 2013 Agreement, under which MGM granted Starz a limited license to exhibit certain motion pictures and the television series *Bat Masterson* by means of only Pay Television and SVOD during a delineated time period in delineated territories in delineated languages, as such terms and exceptions are defined in the 2013 Agreement.   Except as expressly admitted, MGM denies the allegations in Paragraph 27.

28.     MGM admits that the selectively quoted language is contained in the 2013 Agreement.

29.     MGM admits that the selectively quoted language without the alteration made by Starz is contained in the 2013 Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 29.

30.     MGM admits that the selectively quoted language is contained in the 2013 Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 30 and specifically denies that MGM committed that it would not exhibit or authorize others to exhibit the content on virtually any platform.

31.     MGM admits that the selectively quoted language without the alteration made by Starz is contained in the 2013 Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 31 and specifically denies that MGM represented that it had not and would not grant rights in the titles to any other party.

32.     MGM admits that it delivered masters of each title to Starz in a mutually agreeable format.   Except as expressly admitted, MGM denies the allegations in

Paragraph 32.

33.    MGM admits that it entered into the 2015 Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 33.

34.    MGM admits that under the 2015 Agreement, MGM granted Starz a limited license to exhibit certain motion pictures and the television series *The Young Riders* by means of only Pay Television and SVOD during a delineated time period in delineated territories in delineated languages, as such terms and exceptions are defined in the 2015 Agreement.  MGM further admits that the selectively quoted language without the alterations made by Starz is contained in the 2015 Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 34 and specifically denies that MGM conveyed Starz any copyrights and/or granted Starz a blanket exclusive right to exhibit the titles licensed under the 2015 Agreement in the United States in all media, in all languages, or during all time periods.

35.    MGM further admits that the selectively quoted language without the alterations made by Starz is contained in the 2015 Agreement.   Except as expressly admitted, MGM denies the allegations in Paragraph 35.

36.    MGM further admits that the selectively quoted language without the alterations made by Starz is contained in the 2015 Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 36.

37.    MGM admits that under the Library Agreements, MGM granted Starz a limited license to exhibit certain motion pictures and two television series by means of only Pay Television and SVOD during a delineated time period in delineated territories in delineated languages, as such terms and exceptions are defined in the Library Agreements.  MGM further admits that in exchange for the limited licenses, Starz agreed to pay mutually agreed-upon license fees.  Except as expressly admitted, MGM denies the allegations in Paragraph 37, and specifically denies that MGM conveyed Starz any copyrights and/or granted Starz a blanket exclusive right to exhibit the titles licensed

under the Library Agreement in the United States in all media, in all languages, or during all time periods.

38. MGM denies the allegations in Paragraph 38, including on the basis that MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and specifically denies that MGM conveyed Starz any copyrights and/or granted Starz a blanket exclusive right to exhibit the titles licensed under the Library Agreement in the United States in all media, in all languages, or during all time periods.

39. MGM admits that certain titles licensed to Starz were available on third-party platforms during Starz's license period for those titles. Except as expressly admitted, MGM denies the allegations in Paragraph 39.

## Exclusivity is Important For STARZ And Its Distributors For Its Ability to Attract and Retain Customers

40. MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, and on that basis, denies the allegations contained therein.

41. MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41, and on that basis, denies the allegations contained therein.

42. MGM denies that Starz was significantly damaged by MGM's alleged conduct. Except as expressly denied, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and on that basis, denies the allegations contained therein.

43. MGM denies the allegations in Paragraph 43 to the extent they ignore that consumers can choose to rent or purchase a single title on an à la carte basis without having to subscribe to any service. Except as expressly denied, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and on that basis, denies the allegations contained therein.

**MGM is Forced To Admit the Massive Breaches Discovered By STARZ**

44.     MGM admits that in August 2019, a Starz employee notified a MGM employee that *Bill & Ted's Excellent Adventure* was available through Amazon Prime Video and MGM's employee responded that MGM would investigate the matter. Except as expressly admitted, MGM denies the allegations in Paragraph 44, including on the basis that MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

45.     MGM admits that on or around August 13, 2019, a MGM employee acknowledged that *Bill & Ted's Excellent Adventure* was available through Amazon during a portion of Starz's license period and offered to extend Starz's license period. MGM further admits that the parties did not discuss any other titles at that time.  Except as expressly admitted, MGM denies the allegations contained in Paragraph 45.

46.     MGM admits that on or around August 23, 2019, a Starz employee informed a MGM employee that 22 titles licensed to Starz were also available through Amazon at the time.  MGM further admits that on or around August 26, 2019, the MGM employee responded that he would investigate the issue.  Except as expressly admitted, MGM denies the allegations in Paragraph 46.

47.     MGM admits that on or around September 11, 2019, a MGM employee informed Starz that he believed he found the cause of the issue, that it has since been corrected, and that he would discuss more on a call about how MGM can "make good." Except as expressly admitted, MGM denies the allegations in Paragraph 47.

48.     MGM admits that on or about September 30, 2019, MGM provided Starz with a spreadsheet containing information about 22 titles that may have been available through Amazon Prime Video during Starz's license period for those titles.  MGM further admits that on the same day, Starz inquired about three additional titles that may have been available through Amazon Prime Video during Starz's license period for those titles and MGM agreed to investigate the three additional titles.  Except as expressly admitted, MGM denies the allegations in Paragraph 48.

Gibson, Dunn & Crutcher LLP

49.     MGM admits that on or about October 18, 2019, Starz sent a letter to MGM demanding that MGM provide certain assurances within five business days as set forth in the letter.  Except as expressly admitted, MGM denies the allegations in Paragraph 49, including on the basis that MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

50.     MGM admits that, based on a preliminary review, MGM sent Starz, on or about November 1, 2019, two spreadsheets that contained a list of titles that may have been available on third-party platforms during Starz's license periods for those titles, along with information relating to such conflicts.  MGM further admits that the quoted statement without the alteration made by Starz was included in the email transmitting the spreadsheets to Starz.  Except as expressly admitted, MGM denies the allegations in Paragraph 50.

51.     MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of Paragraph 51, and on that basis, denies the allegations contained therein.  MGM further denies the remaining allegations in Paragraph 51.

52.     MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52, and on that basis, denies the allegations contained therein.

53.     MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, and on that basis, denies the allegations contained therein.

### MGM's Infringement Damaged STARZ vis-a-vis its Distributors and Customers

54.     MGM denies the allegations in Paragraph 54.

55.     MGM denies the allegations in Paragraph 55.

56.     MGM denies the allegations in Paragraph 56.

Gibson, Dunn & Crutcher LLP

57.     MGM admits that some of the titles covered by the Library Agreements were available for viewing through Amazon's Prime Video Direct service and that any license fees paid to MGM were based on viewership.  Except as expressly admitted, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57, including which Pictures Starz is referencing in Paragraph 57, and on that basis, denies the allegations contained therein.

58.     MGM denies that any alleged conduct deprived Starz of the opportunity to attract new subscribers.  Except as expressly denied, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58, and on that basis, denies the allegations contained therein.

59.     MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59, and on that basis, denies the allegations contained therein.

60.     MGM denies the allegations in Paragraph 60.

## COUNTS 1-340:  COPYRIGHT INFRINGEMENT IN VIOLATION OF

## 17 U.S.C. § 501

### (Against Defendant MGM)

61.     MGM's responses to paragraphs 1-60 of Starz's Complaint are incorporated by reference as if fully set forth herein.

62.     The first sentence of Paragraph 62 contains a legal conclusion to which no response is required.  MGM admits that under the Library Agreements, MGM granted Starz a limited license to exhibit certain motion pictures and two television series by means of only Pay Television and SVOD during a delineated time period in delineated territories in delineated languages, as such terms and exceptions are defined in the Library Agreement.  Except as expressly admitted, MGM denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 63, including which acts with respect to which titles are alleged to infringe Starz's purported copyrights in the titles licensed to Starz under the Library Agreements, and on that basis, denies the allegations contained therein.

64.    MGM denies the allegations in Paragraph 64.

65.    MGM admits that it was aware of the contents of the Library Agreements. Except as expressly admitted, MGM denies the allegations in Paragraph 65.

66.    MGM denies the allegations in Paragraph 66.

67.    Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, MGM denies the allegations in Paragraph 67.

## COUNTS 341-680:  CONTRIBUTORY COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

### (Against Defendant MGM)

68.    MGM's responses to paragraphs 1-60 of Starz's Complaint are incorporated by reference as if fully set forth herein.

69.    Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69, including for which acts Starz alleges MGM is liable as a contributory infringer, and on that basis, denies the allegations contained therein.

70.    Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70, including which acts Starz alleges constitute direct infringement by Amazon and/or unidentified third parties, and on that basis, denies the allegations contained therein.

71.    Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71,

including which acts Starz alleges constitute "that infringement," and on that basis, denies the allegations contained therein.

72.    Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, MGM denies the allegations in Paragraph 72.

73.    MGM denies the allegations in Paragraph 73.

74.    Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, MGM denies the allegations in Paragraph 74.

## COUNTS 681-1020:  VICARIOUS COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

### (Against Defendant MGM)

75.    MGM's responses to paragraphs 1-60 of Starz's Complaint are incorporated by reference as if fully set forth herein.

76.    Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76, including for which acts Starz alleges MGM is liable as a vicarious infringer, and on that basis, denies the allegations contained therein.

77.    Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77, including which acts Starz alleges constitute direct infringement by Amazon and/or unidentified third parties, and on that basis, denies the allegations contained therein.

78.    Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78, including which acts Starz alleges constitute "the infringing conduct," and on that basis, denies the allegations contained therein.

79.    MGM admits that it received fees from Amazon for granting it permission to exhibit certain titles on its platform.  Except as expressly admitted, MGM denies the allegations in Paragraph 79, including on the basis that MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79, including which acts Starz alleges constitute "direct infringement."

80.    MGM denies the allegations in Paragraph 80.

81.    Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, MGM denies the allegations in Paragraph 81.

## COUNT 1021:  BREACH OF CONTRACT

### (Against Defendant MGM)

82.    MGM's responses to paragraphs 1-60 of Starz's Complaint are incorporated by reference as if fully set forth herein.

83.    MGM admits the allegations in Paragraph 83.

84.    MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84, and on that basis, denies the allegations contained therein.

85.    Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, MGM admits that certain titles that were licensed to Starz under the Library Agreements were also available to other exhibitors during a portion of Starz's license period for those titles.  Except as expressly admitted, MGM denies the allegations in Paragraph 85.

A.    Subpart A of Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, MGM admits that certain titles that were licensed to Starz under the Library Agreements were also available to other exhibitors during a portion of Starz's license period for those titles.  Except as expressly admitted, MGM denies the allegations in Subpart A of Paragraph 85.

B.      Subpart B of Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, MGM admits that certain titles that were licensed to Starz under the Library Agreements were also available to other exhibitors during a portion of Starz's license period for those titles.  Except as expressly admitted, MGM denies the allegations in Subpart B of Paragraph 85.

86.      MGM denies the allegations in Paragraph 86.

## COUNT 1022:  BREACH OF THE COVENANT OF GOOD FAITH
## AND FAIR DEALING
### (Against Defendant MGM)

87.      MGM's responses to paragraphs 1-60 of Starz's Complaint are incorporated by reference as if fully set forth herein.

88.      MGM admits that it entered into the Library Agreements with Starz.  Except as expressly admitted, MGM denies the allegations in Paragraph 88, and specifically denies Starz's mischaracterization of its purported rights and licenses under the Library Agreements.

89.      MGM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89, and on that basis, denies the allegations contained therein.

90.      Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, MGM denies the allegations in Paragraph 90.

91.      Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, MGM denies the allegations in Paragraph 91.

92.      MGM denies the allegations in Paragraph 92.

## PRAYER FOR RELIEF

A response is not required to Starz's Prayer for Relief.  To the extent a response is deemed required, MGM denies, generally and specifically, the allegations contained therein and further denies that Starz is entitled to its requested relief.

## Jury Demand

Gibson, Dunn &
Crutcher LLP

A response is not required to Starz's demand for a jury trial.  To the extent a response is deemed required, MGM admits that Starz demands a trial by jury, but denies that Starz is entitled to any relief that it has requested in its Complaint.

## MGM'S DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), MGM, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

### First Defense

The Complaint, and each purported cause of action contained therein, fails to allege facts sufficient to state a claim or cause of action for which relief can be granted.

### Second Defense

The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations, including 17 U.S.C. §507(b) and California Code of Civil Procedure section 337(1).

### Third Defense

To the extent Starz's Counts 1-1020 are not dismissed in their entirety, Starz cannot seek damages prior to March 24, 2017 under *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014).

### Fourth Defense

The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, insofar as Starz lacks standing under Article III of the United States Constitution.

### Fifth Defense

Starz's Counts 1-1020 are barred, in whole or in part, insofar as Starz fails to meet the requirements under 17 U.S.C. § 501(b) and therefore lack standing to assert any claims under the Copyright Act.

1

### Sixth Defense

2      Starz's Counts 1-1020 are barred, in whole or in part, because the Copyright Act

3 does not apply extraterritorially.

4

### Seventh Defense

5      Starz's Counts 1-1020 are barred, in whole or in part, insofar as MGM is the

6 owner of the copyrights in the motion pictures and television series at issue.

7

### Eighth Defense

8      Starz's Counts 341-1020 are barred, in whole or in part, insofar as no third party

9 has engaged in any direct infringement.

10

### Ninth Defense

11      The Complaint, and each purported cause of action contained therein, is barred in

12 whole or in part, because the exploitations of the titles at issue were expressly or

13 impliedly authorized.

14

### Tenth Defense

15      The Complaint, and each purported cause of action contained therein, is barred,

16 in whole or in part, by the doctrine of estoppel.

17

### Eleventh Defense

18      The Complaint, and each purported cause of action asserted therein, is barred, in

19 whole or in part, on the ground that any recovery would constitute unjust enrichment

20 under the circumstances presented.

21

### Twelfth Defense

22      The Complaint, and each purported cause of action contained therein, is barred,

23 in part, by the doctrine of laches.

24

### Thirteenth Defense

25      The Complaint, and each purported cause of action contained therein, is barred in

26 whole or in part, because of ratification, agreement, acquiescence, authorization or

27 consent to MGM's alleged conduct.

28

### Fourteenth Defense

The Complaint, and each purported cause of action contained therein, is barred in whole or in part, by the doctrine of accord and satisfaction.

### Fifteenth Defense

The Complaint, and each purported cause of action contained therein, is barred in whole or in part, by the doctrines of waiver, abandonment, and/or forfeiture.

### Sixteenth Defense

The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because Starz has not suffered any damage or injury as a result of any act or conduct by MGM.

### Seventeenth Defense

The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because Starz's damages, if any, were not caused, in whole or in part, by the alleged conduct of MGM.

### Eighteenth Defense

The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because Starz's damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of MGM and unrelated to MGM's conduct. Any loss, injury, or damage claimed by Starz was proximately caused by Starz's own acts or omissions, forces and events unrelated to MGM's alleged conduct, and/or the acts or omissions of persons or entities other than MGM, over which MGM has no control.

### Nineteenth Defense

The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because the alleged damages, if any, are speculative, vague, based on guesswork and conjecture, and are impossible to ascertain or allocate.

### Twentieth Defense

The Complaint, and each purported cause of action contained therein, is barred in

Gibson, Dunn & Crutcher LLP

whole or in part, because the Complaint fails to state a claim upon which any type of injunctive, temporary, or preliminary relief can be properly granted against MGM.

### Twenty-first Defense

Starz's claims for equitable relief, including claims for injunctive, temporary, or preliminary relief, are barred because Starz has an adequate remedy at law.

\*          \*          \*

MGM has insufficient knowledge or information upon which to form a belief as to whether it may have additional yet unstated defenses.  MGM reserves the right to assert any additional defenses as may be discovered during the conduct of this litigation, and further reserves the right to amend this Answer and assert all such defenses.

### PRAYER FOR RELIEF

WHEREFORE, MGM denies that Starz is entitled to any relief whatsoever and respectfully requests: (a) that Starz take nothing by this action; (b) that this Court dismiss Starz's claims with prejudice and enter judgment in favor of MGM; (c) that this Court award MGM its costs, expenses, and attorney's fees; and (d) that this Court grant MGM any such other and further relief that it may deem just and proper.

1    Dated:  January 26, 2021

2                                    Respectfully submitted,

3

4                                    /s/ *Jay P. Srinivasan*

5                                    JAY P. SRINIVASAN
                                     JSrinivasan@gibsondunn.com
6                                    MINAE YU
                                     MYu@gibsondunn.com
7                                    JONATHAN N. SOLEIMANI
                                     JSoleimani@gibsondunn.com
8                                    GIBSON, DUNN & CRUTCHER LLP
                                     333 South Grand Avenue,
9

10                                   Los Angeles, CA  90071-3197

11                                   Orin Snyder
                                     OSnyder@gibsondunn.com
12                                   GIBSON, DUNN & CRUTCHER LLP
                                     200 Park Avenue
13                                   New York, NY  10166-0193

14

15                                   *Attorneys for Defendant*
                                     *MGM Domestic Television Distribution LLC*
16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP