1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

3              HONORABLE DOLLY GEE

4        UNITED STATES DISTRICT JUDGE PRESIDING

5                   – – –

6
Starz Entertainment LLC,            )
7                       PLAINTIFF,   )
                                     )
8    VS.                             )   NO. CV 20-4085 DMG
                                     )
9    MGM Domestic Television         )
     Distribution LLC,               )
10                      DEFENDANT,   )
     _____)

11

12

13

14        REPORTER'S TRANSCRIPT OF PROCEEDINGS

15            LOS ANGELES, CALIFORNIA

16          FRIDAY, FEBRUARY 19, 2021

17

18

19     _____

20          KATIE E. THIBODEAUX, CSR 9858
            U.S. Official Court Reporter
21                 Suite 4311
               350 West 1st Street
22            Los Angeles, CA  90012

23

24

25

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR PLAINTIFF:

 4   Steven M. Goldberg
     Markun Zusman Freniere Compton LLP
 5   3 Hutton Centre Drive
     Ninth Floor
 6   Santa Ana, CA 92707

 7   Evan R. Chesler
     Cravath Swaine and Moore LLP
 8   825 Eighth Avenue
     New York, NY 10019
 9
     Robert N. Klieger
10   Hueston Hennigan LLP
     523 West 6th Street
11   Suite 400
     Los Angeles, CA 90014
12
     Wes Earnhardt
13   Cravath Swaine and Moore LLP
     825 Eighth Avenue
14   New York, NY 10017

15

16   FOR DEFENDANT:

17   Jagannathan P Srinivasan
     Gibson Dunn and Crutcher LLP
18   333 South Grand Avenue
     Fifty-First Floor
19   Los Angeles, CA 90071-3197

20   Minae Yu
     Gibson Dunn and Crutcher LLP
21   333 South Grand Avenue
     Los Angeles, CA 90071-3197
22
     Blaine H. Evanson
23   Gibson Dunn and Crutcher LLP
     333 South Grand Avenue
24   Los Angeles, CA 90071-3197

25
```

```
 1            LOS ANGELES, CALIFORNIA; FRIDAY, FEBRUARY 19, 2021

 2                          10:03 A.M.

 3                          - - - - -

 4

 5

 6            THE CLERK:  Calling item No. 2, CV 20-4085 DMG,

 7    Starz Entertainment LLC versus MGM Domestic Television

 8    Distribution LLC.

 9               For plaintiffs, we have?

10            MR. EARNHARDT:  Good morning, your Honor.  Wes

11    Earnhardt on behalf of Starz.  I also have with me Evan

12    Chesler from Horvath and also Mr. Klieger and

13    Mr. Goldberg.

14            THE CLERK:  And for defense?

15            MR. EVANSON:  Good morning, your Honor.  Blaine

16    Evanson from Gibson Dunn on behalf of MGM.  I am joined

17    by my colleagues Jay Srinivasan and Minae Yu.

18            THE COURT:  All right.  Good morning, everyone.

19            THE CLERK:  Your Honor, one moment.  We also have

20    a corporate representative from MGM, Mr. Daniel Flores.

21    Thank you.

22            THE COURT:  All right.

23               I assume that you have reviewed the court's

24    tentative that was issued earlier this morning.  If so,

25    who would like to address the tentative?
```

1        MR. EARNHARDT:  Your Honor, I will admit that I

2   have not seen the tentative and therefore have not

3   reviewed it.  And therefore I am at a disadvantage

4   compared to my MGM colleagues.

5        THE COURT:  I gave instructions for it to be

6   distributed this morning.  I guess my instructions were

7   not followed.  Since it hasn't been provided to you, I

8   will orally tell you what I am inclined to rule.  It was

9   a true tentative.

10            I am inclined to certify the interlocutory

11  appeal, but I am inclined to only partially grant a stay

12  as to discovery.  It seems to me that there is a lot of

13  discovery to be done in this case, and there is no reason

14  why all of you should be sitting on your hands for a year

15  or more waiting for a decision on the interlocutory

16  appeal when you could be going forward and doing

17  discovery on various aspects of your case that will

18  remain unchanged notwithstanding any decision from the

19  Ninth Circuit.

20       MR. EVANSON:  Well, your Honor, I will address, as

21  the movant, that we obviously accept the court's ruling

22  or tentative ruling on the certification motion and also

23  would accept the ruling on the motion to stay.  And we

24  would propose that just in the context of the Rule 26(f)

25  report that we are actually meeting and conferring with

1   opposing counsel later today that we could work out a

2   discovery approach that would align with your Honor's

3   comments.

4          THE COURT:  All right.

5          MR. EARNHARDT:  And, your Honor, for Starz, I

6   guess I have the task of trying to swim upstream here and

7   convincing you to change your tentative, and, if it is

8   okay, I would like an opportunity to do that.

9              One of the reasons frankly is exactly what you

10  say.  There is a lot to be done in this case.  There is a

11  lot of discovery to be taken.  We believe that that

12  discovery will not change in any meaningful way no matter

13  how the Ninth Circuit would resolve any appeal.

14             And, for that reason, we would suggest that

15  there not be an interlocutory step here, and I think the

16  starting place is to recognize that interlocutory review

17  is appropriate only in exceptional circumstances.

18             There is a well-settled understanding that

19  inefficiencies are created by having interlocutory review

20  of discrete issues.  It creates mini cases on discrete

21  points and also leads to multiple appeals in the same

22  case, and the preferred approach is to handle it all at

23  once at the end.  So only when there is truly a rare case

24  in which exceptional circumstances outweigh the

25  inefficiencies that are created should interlocutory

1    review happen.  And our position respectfully is that MGM

2    hasn't met its heavy burden on showing that.

3         I would like to touch on two reasons.  The

4    first is I would like to discuss the controlling law and

5    explain why in our view the controlling law is clear and

6    therefore there is nothing really to be settled by the

7    Ninth Circuit.  And then, second, I would just like to

8    talk a bit about what impact if at all a contrary

9    decision from the motion to dismiss decision would have

10   on discovery and trial of this action.  And we submit it

11   would be very little.

12        THE COURT:  Let me just steer you a little bit.

13   The first issue of controlling law I am familiar with

14   because I ruled in your favor on the initial set of

15   motions.  I understand that the standard is that

16   interlocutory appeals are rarely granted and are

17   disfavored, but I will say that there has been an

18   intervening Supreme Court case in this area.

19        And, from my own experience just recently, in

20   a situation where I painstakingly and faithfully applied

21   what I thought was the Ninth Circuit's precedent on

22   existing matters in a copyright case, I was reversed in a

23   split decision from the Ninth Circuit.  So I would not

24   suggest that the Ninth Circuit is always inclined to

25   follow its own precedence faithfully when there are some

1   differences in opinion.

2            So I recognize the standard, and I think that

3   there is a good deal of activity in this area with regard

4   to that issue.  So I have sympathies for both sides in

5   that regard, but perhaps the better focus would be on the

6   second part of your argument.

7       MR. EARNHARDT:  And that is fair.  I don't think

8   anyone is going to benefit from me trying to summarize

9   your own opinion for you.  We agree with what you wrote.

10  We think the law is exactly as you described it.

11           If I could just make one point that I would

12  like to emphasize about the law before I move to the

13  impact an appeal would have, and that is that I think, I

14  guess it is possible that the Ninth Circuit would be

15  inconsistent with what its own thinking has been in the

16  past.  But I think the presumption we have to have when

17  evaluating whether to send something up for an

18  interlocutory appeal is that the law as it exists in the

19  circuit will be applied consistently.  That is the

20  starting point.

21           And the reason I want to make this one point

22  is I believe we know based on what the Ninth Circuit has

23  said in the past how it would interpret Petrella, and the

24  reason we know that is because it interpreted the very

25  same rule that Petrella adopted and in fact interpreted

1    almost exactly the same language that Petrella used when

2    it issued the Polar Bear decision and it was interpreting

3    the Roley case.

4            This is a bit involved.  If you can bear with

5    me, I think it is an important point.

6            So in Petrella the Supreme Court rejected the

7    laches defense in copyright cases on the basis that there

8    was a separate accrual rule that applied to those cases,

9    and, under the separate accrual rule, it said the

10   congress had established that the three-year period was

11   good enough for any infringement that had occurred

12   separately during that three-year look back period.  And

13   it rejected the so-called continuing wrong theory that

14   would allow all the claims to survive to the present day

15   as long as any of the acts were still continued.

16           As you recognized in your motion to dismiss

17   opinion, the Ninth Circuit adopted exactly that rule in

18   the Roley case back in 1994.  If you read Roley

19   carefully, it becomes clear that Roley even adopted the

20   laches defense that MGM was trying to assert in Supreme

21   Court.  It held, quote:  "Section 507(b) is clear on its

22   face.  It does not provide for a waiver of infringing

23   acts within the limitation period if earlier

24   infringements were discovered and not sued upon."

25           So Roley rejects the continuing wrong.  It

1    rejects laches, and then it holds the critical, the

2    critical language that there is a damages bar for any

3    damages that occur outside the three-year period.  And

4    the language used in Roley is, quote:  "The statute bars

5    recovery on any claim for damages that accrued more than

6    three years before commencement of suit."  That is almost

7    exactly the same language that the Supreme Court used in

8    Petrella, quote:  "A successful plaintiff can gain

9    retroactive relief only three years back from the time of

10   suit."

11           So the point that I am making is that when the

12   court is then, ten years later, confronted with the Polar

13   Bear case, it is dealing already with the holding in

14   Roley that the separate accrual rule applies, that there

15   is a damages bar that prevents there from being damages

16   more than three years after the -- more than three years

17   before the plaintiff has sued, and, nevertheless, the

18   Supreme Court adopts the discovery rule that we rely upon

19   and that MGM says shouldn't apply.

20           So I think in deciding whether there is any

21   interim Supreme Court decision that has impacted the

22   Ninth Circuit law, I think we should recognize that

23   Petrella just did the very same thing that Roley did.  It

24   didn't change the law in the Ninth Circuit.  It just

25   caught up to it.  So I don't think that can be a basis on

1    which to believe that there is a substantial ground for

2    difference of opinion in the Ninth Circuit.

3            We know the Second Circuit has a different

4    rule.  We respectfully think Sohm was wrongly decided.

5    38 out of 40 courts outside the Second Circuit have

6    agreed with us that it is wrongly decided, but it doesn't

7    really matter because there is a different rule in the

8    Ninth Circuit and Petrella did nothing to change that.

9            So thanks for indulging on the controlling law

10   question.  That is all.  Unless you have questions, that

11   is --

12       THE COURT:  You may very well prevail at the Ninth

13   Circuit if the Ninth Circuit is inclined to follow its

14   own precedents.

15       MR. EARNHARDT:  Turning to the impact of the

16   appeal on this case, MGM should have a right to have the

17   Ninth Circuit rule on whether Petrella changed Polar Bear

18   or not, but MGM can do that at the end of the case just

19   as well as it can do it now.

20           Whether the appeal happens now or at the end,

21   the discovery in this case will be virtually identical,

22   and that is because the same underlying conduct, MGM

23   granting Starz an exclusive license and then licensing

24   the same pictures to which Starz had exclusivity to other

25   third parties, that same conduct gives rise to both

1   breach of contract claims and Copyright Act claims.  And

2   the contract claims are not subject to MGM's 1292(b)

3   appeal at all.

4          So no matter what, Starz is going to have to

5   take discovery into where MGM licensed those pictures,

6   when they licensed those pictures, for how much they

7   licensed those pictures, all of that is going to be

8   discovered in this case whether or not a subset of the

9   Copyright Act claims are dismissed under Petrella.  Now,

10   in practice -- so merits, for the merits, the discovery

11   and proof are going to be virtually identical.  In

12   practice, this means that damages discovery and proof

13   will be virtually identical too.

14          MGM says there are differences between

15   Copyright Act damages and contract damages.  The only

16   meaningful difference they can point to is that under the

17   Copyright Act the plaintiff is entitled to infringers

18   profits from the infringement.  And they say that there

19   is all sorts of discovery that would need to be taken

20   about that, that for these 19 titles we would avoid if

21   they are dismissed on this appeal.  But, in practice,

22   that is not really true because the way that we would

23   know MGM's profit from the infringement are the very

24   licensing agreements and other arrangements that MGM has

25   with third parties that are the basis of our breach of

1    contract claim.

2              So either way we are going to get the

3    documents that show the money that MGM obtained by

4    licensing these pictures two times or three times, and it

5    is going to be the same set of materials whether it is

6    under a contract theory or under a contract and copyright

7    theory.

8              Once you get to trial, we believe the proof is

9    going to be virtually identical.  The nature of MGM's

10   conduct here and the scope of its breach and the damage

11   that it caused, we believe will be to a lost profits

12   figure calculated in the aggregate that could be fully

13   supported and affirmed on appeal under either copyright

14   or contract.  And we believe that is how damages are

15   ultimately going to be awarded by the jury.

16             To the extent at the end of the trial that

17   there are certain damages that are tied specifically to

18   copyright and to the extent that those copyright damages

19   are not allowed under Petrella, well, they can be severed

20   off at the end, and those damages can be removed from the

21   jury verdict.

22             But there is simply no reason why that issue

23   has to be decided now.  The discovery is going to be the

24   same whether those claims are in and out, the trial is

25   going to be the same whether those claims are in and out,

```
 1   and the only thing that would happen frankly is that we
 2   would be distracted from the merits of the case while we
 3   have this side bite about 19 titles out of over 250.
 4          So I respect that there are important issues
 5   that the Ninth Circuit maybe should weigh in on related
 6   to how Petrella operates, but they can be done at the end
 7   of the case just as easily as they can be done now.
 8          THE COURT:  All right.  Thank you.
 9          Would the defense like to be heard?
10      MR. EVANSON:  Yes, your Honor briefly.
11          I will just address a few of the points that
12   Mr. Earnhardt raised.
13      THE COURT:  And, Mr. Evanson, just to focus your
14   arguments as well, if, in fact, the discovery is likely
15   to be required regardless of what the outcome of the
16   Ninth Circuit's decision is, then perhaps you can explain
17   to me why I should not simply not have a stay on
18   discovery at all rather than the way that I have
19   described it as my tentative thinking.
20      MR. EVANSON:  Okay.  I will address that, your
21   Honor.
22          So Starz has alleged claims relating to 340
23   titles, and a third of Starz's copyrighted claims will be
24   time barred on the pleadings if the Ninth Circuit sides
25   with the Second Circuit.  And, once we are permitted to
```

1    introduce straightforward and indisputable evidence

2    regarding when the alleged infringements occurred,

3    80 percent of their claims will be time barred.  So that

4    is a significant portion of the case.

5             And the complexity of this case is in the

6    copyright claims and especially the copyright damages.

7    Paring back the titles for which Starz is asserting

8    copyright infringement will significantly streamline the

9    case.  Mr. Earnhardt is simply incorrect in claiming that

10   the case will proceed the same regardless.

11            If the claim is that a collusion breached a

12   contract between Starz and MGM, then the damages analysis

13   is relatively straightforward -- does Starz get its money

14   back or a portion of its money back on a breach of

15   contract theory, but damages for copyright infringement

16   is extraordinarily complex.  I have litigated big

17   copyright cases at trial, and the damages through

18   infringement overwhelms the case.

19            There is infringers profits where the question

20   is whether a particular infringement resulted in some

21   profit to MGM that should be returned to Starz.  That is

22   not available on contract damages, but it is essential to

23   the copyright damages analysis.  There is lost profits

24   where, again, we have to look title by title, collusion

25   by collusion at whether Starz missed out on some profit

1  as a result of MGM licensing the film to multiple

2  entities.  There is statutory damages.

3          There is the willfulness of the infringement,

4  and all of this is the subject of -- it becomes the

5  subject of contested expensive and complicated expert

6  analysis.  And on these questions, the burden on Starz

7  will be to show this on a title by title, collusion by

8  collusion basis.

9          So excluding a huge portion of the titles from

10  the infringement case will have an enormous effect on

11  streamlining and simplifying the trial.  That stuff will

12  not have to be discovered as to a huge portion of the

13  titles that Starz has tried to place at issue.  And it

14  won't have to be discovered.  It won't have to be part of

15  the expert analysis, it won't have to be part of motion

16  practice, and it won't have to be part of trial.

17          So I think your Honor's tentative makes

18  eminent sense that we can proceed on the portions of the

19  case that are going to be -- that are going to be part of

20  the contract case but excluding all of this title by

21  title, discovery, expert analysis and motion practice on

22  all of the aspects of copyright damages is time that

23  would be wasted in the event the Ninth Circuit sides with

24  the Second Circuit and those titles are all out of the

25  case in terms of copyright claims.

1      THE COURT:  Would there be duplicative discovery

2   if you ultimately lose before the Ninth Circuit?

3      MR. EVANSON:  I don't think it would be

4   duplicative.  I think we can arrange discovery in a way

5   that we -- that we don't make it duplicative, that we

6   discover the things that will have to be discovered

7   anyway.  And a lot of these titles, a lot of the

8   copyrights, they are one offs, they are one by one.

9   There is not just one file at the company where all this

10  stuff is and we just turn over the file.

11          There is a lot of title by title analysis.  So

12  we are going to have do it that way either way, and I

13  don't think that it will result in duplicative discovery.

14  And we can handle the court's proposed phased discovery

15  in a way that avoids that.

16      THE COURT:  All right.  Mr. Earnhardt, final

17  words.

18      MR. EARNHARDT:  Okay.  Just two points.

19  Mr. Evanson essentially just conceded that merits

20  discovery and proof will be identical.  Every description

21  he gave of how there might be differences in the case

22  relates to damages and particularly differences between

23  damages under the Copyright Act and damages under

24  contract.

25          So the first point is merits discovery and

1    proof at trial will be identical whether these claims are

2    in the case or not.  Second point, with respect, I think

3    he is just wrong about the nature of the contract damages

4    that Starz is entitled to seek here.  Under the contract,

5    Starz is entitled to expectation damages.  The

6    expectation was not that we would pay for exclusivity for

7    these films and only receive in return something equal to

8    or less than what we paid for them.  Starz's business is

9    to buy wholesale and then to sell the pictures retail.

10           So we would be entitled to lost profits

11   resulting from the breach of contract under both the

12   contract theory and a copyright theory.  And the nature

13   of the breach here, you know, 300 titles lasting many,

14   many years will not allow for a picture by picture, claim

15   by claim damages analysis.

16           Instead, damages are going to be calculated in

17   the aggregate based on the overall harm of MGM's breach,

18   and the vast majority of those damages which we think are

19   going to be huge, the vast majority of them will be

20   recoverable under either the Copyright Act or under a

21   breach of contract theory.

22           To the extent as I said there are particular

23   damages that must be tied to copyright, and we later find

24   out that we are not entitled to damages for those

25   particular pictures under the Copyright Act, that is an

1    easy fix at the end.

2              But what is going to happen now is we go on

3    these multiple paths, and there is going to be

4    duplicative discovery.  They are going to resist giving

5    discovery related to the pictures that are up on appeal

6    even though we have the contract claims, and we are going

7    to end up doing things twice.

8              The much more efficient way and the way that

9    the default rule works is we do everything at once, and,

10   if they have a problem with certain aspects of damages,

11   at the end, after the jury verdict, they can appeal it

12   then.

13        THE COURT:  All right.

14             I am going to take this matter under

15   submission.  If there are no final words that either side

16   is desperate to make, I will issue the order today.

17        MR. EARNHARDT:  Thank you, your Honor.

18        MR. EVANSON:  Thank you, your Honor.

19        THE COURT:  Yes?

20        MR. EVANSON:  Oh.  I just said thank you, your

21   Honor.

22        THE COURT:  Okay.  We are in recess.

23        (Proceedings concluded.)

24

25

                              CERTIFICATE


I hereby certify that pursuant to Section 753, Title 28,

United States Code, the foregoing is a true and correct

transcript of the stenographically reported proceedings held

in the above-entitled matter and that the transcript page

format is in conformance with the regulations of the

Judicial Conference of the United States.

Date:  February 23, 2021


 /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

**MR. EARNHARDT: [7]**   3/9  3/25  5/4  7/6  10/14  16/17  18/16
**MR. EVANSON: [7]**   3/14  4/19  13/9  13/19  16/2  18/17  18/19
**THE CLERK: [3]**   3/3  3/13  3/18
**THE COURT: [13]**

## /

**/s [1]**   19/12

## 1

**10017 [1]**   2/14
**10019 [1]**   2/8
**10:03 [1]**   3/2
**1292 [1]**   11/2
**19 [4]**   1/16  3/1  11/20  13/3
**1994 [1]**   8/18
**1st [1]**   1/21

## 2

**20-4085 [2]**   1/8  3/6
**2021 [3]**   1/16  3/1  19/10
**23 [1]**   19/10
**250 [1]**   13/3
**26 [1]**   4/24
**28 [1]**   19/4

## 3

**300 [1]**   17/13
**3197 [3]**   2/19  2/21  2/24
**333 [3]**   2/18  2/21  2/23
**340 [1]**   13/22
**350 [1]**   1/21
**38 [1]**   10/5

## 4

**40 [1]**   10/5
**400 [1]**   2/11
**4085 [2]**   1/8  3/6
**4311 [1]**   1/21

## 5

**507 [1]**   8/21
**523 [1]**   2/10

## 6

**6th [1]**   2/10

## 7

**753 [1]**   19/4

## 8

**80 percent [1]**   14/3
**825 [2]**   2/8  2/13

## 9

**90012 [1]**   1/22
**90014 [1]**   2/11
**90071-3197 [3]**   2/19  2/21  2/24
**92707 [1]**   2/6
**9858 [2]**   1/20  19/12

## A

**A.M [1]**   3/2
**about [5]**   6/8  7/12  11/20  13/3  17/3
**above [1]**   19/7
**above-entitled [1]**   19/7
**accept [2]**   4/21  4/23
**accrual [3]**   8/8  8/9  9/14
**accrued [2]**   9/5
**Act [7]**   11/1  11/9  11/15  11/17  16/23  17/20  17/25
**action [1]**   6/10
**activity [1]**   7/3

**acts [2]**   8/15  8/23
**actually [1]**   17/5
**address [4]**   3/25  4/20  13/11  13/20
**admit [1]**   4/1
**adopted [3]**   7/25  8/17  8/19
**adopts [1]**   9/18
**affirmed [1]**   12/13
**after [2]**   9/16  18/11
**again [1]**   14/24
**aggregate [2]**   12/12  17/17
**agree [1]**   7/9
**agreed [1]**   10/6
**agreements [1]**   11/24
**align [1]**   5/2
**all [20]**
**alleged [2]**   13/22  14/2
**allow [2]**   8/14  17/14
**allowed [1]**   12/19
**almost [2]**   8/1  9/6
**already [1]**   9/13
**also [5]**   3/11  3/12  3/19  4/22  5/21
**always [1]**   6/24
**am [8]**   3/16  4/3  4/8  4/10  4/11  6/13  9/11  18/14
**Ana [1]**   2/6
**analysis [7]**   14/12  14/23  15/6  15/15  15/21  16/11  17/15
**ANGELES [7]**   1/15  1/22  2/11  2/19  2/21  2/24  3/1
**any [8]**   4/18  5/12  5/13  8/11  8/15  9/2  9/5  9/20
**anyone [1]**   7/8
**anyway [1]**   16/7
**appeal [12]**
**appeals [2]**   5/21  6/16
**APPEARANCES [1]**   2/1
**applied [3]**   6/20  7/19  8/8
**applies [1]**   9/14
**apply [1]**   9/19
**approach [2]**   5/2  5/22
**appropriate [1]**   5/17
**are [38]**
**area [2]**   6/18  7/3
**argument [1]**   7/6
**arguments [1]**   13/14
**arrange [1]**   16/4
**arrangements [1]**   11/24
**as [16]**
**aspects [3]**   4/17  15/22  18/10
**assert [1]**   8/20
**asserting [1]**   14/7
**assume [1]**   3/23
**available [1]**   14/22
**Avenue [5]**   2/8  2/13  2/18  2/21  2/23
**avoid [1]**   11/20
**avoids [1]**   16/15
**awarded [1]**   12/15

## B

**back [6]**   8/12  8/18  9/9  14/7  14/14  14/14
**bar [2]**   9/2  9/15
**barred [2]**   13/24  14/3
**bars [1]**   9/4
**based [2]**   7/22  17/17
**basis [4]**   8/7  9/25  11/25  15/8
**be [57]**
**bear [4]**   8/2  8/4  9/13  10/17
**because [5]**   6/14  7/24  10/7  10/22  11/22
**becomes [2]**   8/19  15/4
**been [3]**   4/7  6/17  7/15
**before [4]**   7/12  9/6  9/17  16/2
**behalf [2]**   3/11  3/16

**being [1]**   9/15
**believe [2]**   7/24  17/21
**below [4]**   12/7  12/8  12/8  12/8  12/11  12/14
**benefit [1]**   7/8
**better [1]**   7/5
**between [3]**   11/14  14/12  16/22
**big [1]**   14/16
**bit [3]**   6/8  6/12  8/4
**bite [1]**   13/3
**Blaine [2]**   2/22  3/15
**both [3]**   7/4  10/25  17/11
**breach [8]**   11/1  11/25  12/10  14/14  17/11  17/13  17/17  17/21
**breached [1]**   14/11
**briefly [1]**   13/10
**burden [2]**   6/2  15/6
**business [1]**   17/8
**buy [1]**   17/9

## C

**CA [6]**   1/22  2/6  2/11  2/19  2/21  2/24
**calculated [2]**   12/12  17/16
**CALIFORNIA [3]**   1/2  1/15  3/1
**called [1]**   8/13
**Calling [1]**   3/6
**can [15]**
**carefully [1]**   8/19
**case [27]**
**cases [4]**   5/20  8/7  8/8  14/17
**caught [1]**   9/25
**caused [1]**   12/11
**CENTRAL [1]**   1/2
**Centre [1]**   2/5
**certain [2]**   12/17  18/10
**CERTIFICATE [1]**   19/1
**certification [1]**   4/22
**certify [2]**   4/10  19/4
**change [4]**   5/7  5/12  9/24  10/8
**changed [1]**   10/17
**Chesler [2]**   2/7  3/12
**circuit [24]**
**Circuit's [2]**   6/21  13/16
**circumstances [2]**   5/17  5/24
**claim [5]**   9/5  12/1  14/11  17/14  17/15
**claiming [1]**   14/9
**claims [14]**
**clear [3]**   6/5  8/19  8/21
**Code [1]**   19/5
**colleagues [2]**   3/17  4/4
**collusion [5]**   14/11  14/24  14/25  15/7  15/8
**commencement [1]**   9/6
**comments [1]**   5/3
**company [1]**   16/9
**compared [1]**   4/4
**complex [1]**   14/16
**complexity [1]**   14/5
**complicated [1]**   15/5
**Compton [1]**   2/4
**conceded [1]**   16/19
**concluded [1]**   18/23
**conduct [3]**   10/22  10/25  12/10
**Conference [1]**   19/9
**conferring [1]**   4/25
**conformance [1]**   19/8
**confronted [1]**   9/12
**congress [1]**   8/10
**consistently [1]**   7/19
**contested [1]**   15/5
**context [1]**   4/24
**continued [1]**   8/15
**continuing [2]**   8/13  8/25
**contract [18]**

## C

**contrary [1]**   6/8
**controlling [4]**   6/4 6/5 6/13 10/9
**convincing [1]**   5/7
**copyright [23]**
**copyrighted [1]**   13/23
**copyrights [1]**   16/8
**corporate [1]**   3/20
**correct [1]**   19/5
**could [4]**   4/16 5/1 7/11 12/12
**counsel [2]**   2/1 5/1
**court [9]**   1/1 1/20 6/18 8/6 8/21 9/7 9/12 9/18 9/21
**court's [3]**   3/23 4/21 16/14
**courts [1]**   10/5
**Cravath [2]**   2/7 2/13
**created [2]**   5/19 5/25
**creates [1]**   5/20
**critical [2]**   9/1 9/2
**CRR [1]**   19/12
**Crutcher [3]**   2/17 2/20 2/23
**CSR [2]**   1/20 19/12
**CV [2]**   1/8 3/6

## D

**damage [1]**   12/10
**damages [31]**
**Daniel [1]**   3/20
**Date [1]**   19/10
**day [1]**   8/14
**deal [1]**   7/3
**dealing [1]**   9/13
**decided [3]**   10/4 10/6 12/23
**deciding [1]**   9/20
**decision [8]**   4/15 4/18 6/9 6/9 6/23 8/2 9/21 13/16
**default [1]**   18/9
**DEFENDANT [2]**   1/10 2/16
**defense [4]**   3/14 8/7 8/20 13/9
**described [2]**   7/10 13/19
**description [1]**   16/20
**desperate [1]**   18/16
**did [3]**   9/23 9/23 10/8
**didn't [1]**   9/24
**difference [2]**   10/2 11/16
**differences [4]**   7/1 11/14 16/21 16/22
**different [2]**   10/3 10/7
**disadvantage [1]**   4/3
**discover [1]**   16/6
**discovered [5]**   8/24 11/8 15/12 15/14 16/6
**discovery [25]**
**discrete [2]**   5/20 5/20
**discuss [1]**   6/4
**disfavored [1]**   6/17
**dismiss [2]**   6/9 8/16
**dismissed [2]**   11/9 11/21
**distracted [1]**   13/2
**distributed [1]**   4/6
**Distribution [2]**   1/9 3/8
**DISTRICT [3]**   1/1 1/2 1/4
**DIVISION [1]**   1/2
**DMG [2]**   1/8 3/6
**do [5]**   5/8 10/18 10/19 16/12 18/9
**documents [1]**   12/3
**does [2]**   8/22 14/13
**doesn't [1]**   10/6
**doing [2]**   4/16 18/7
**DOLLY [1]**   1/3
**Domestic [2]**   1/9 3/7
**don't [5]**   7/7 9/25 16/3 16/5 16/13
**done [4]**   4/13 5/10 13/6 13/7

## Drive [1]   2/5

**Dunn [1]**   2/17
**duplicative [5]**   16/1 16/4 16/5 16/13 18/4
**during [1]**   8/12

## E

**earlier [2]**   3/24 8/23
**Earnhardt [5]**   2/12 3/11 13/12 14/9 16/16
**easily [1]**   13/7
**easy [1]**   18/1
**effect [1]**   15/10
**efficient [1]**   18/8
**Eighth [2]**   2/8 2/13
**either [5]**   12/2 12/13 16/12 17/20 18/15
**eminent [1]**   15/18
**emphasize [1]**   7/12
**end [9]**   5/23 10/18 10/20 12/16 12/20 13/6 18/1 18/7 18/11
**enormous [1]**   15/10
**enough [1]**   8/11
**Entertainment [2]**   1/6 3/7
**entities [1]**   15/2
**entitled [6]**   11/17 17/4 17/5 17/10 17/24 19/7
**equal [1]**   17/7
**especially [1]**   14/6
**essential [1]**   14/22
**essentially [1]**   16/19
**established [1]**   8/10
**evaluating [1]**   7/17
**Evan [2]**   2/7 3/11
**Evanson [4]**   2/22 3/16 13/13 16/19
**even [2]**   8/19 18/6
**event [1]**   15/23
**Every [1]**   16/20
**everyone [1]**   3/18
**everything [1]**   18/9
**evidence [1]**   14/1
**exactly [2]**   5/9 7/10 8/1 8/17 9/7
**exceptional [2]**   5/17 5/24
**excluding [2]**   15/9 15/20
**exclusive [1]**   10/23
**exclusivity [2]**   10/24 17/6
**existing [1]**   6/22
**exists [1]**   7/18
**expectation [2]**   17/5 17/6
**expensive [1]**   15/5
**experience [1]**   6/19
**expert [3]**   15/5 15/15 15/21
**explain [2]**   6/5 13/16
**extent [3]**   12/16 12/18 17/22
**extraordinarily [1]**   14/16

## F

**face [1]**   8/22
**fact [2]**   7/25 13/14
**fair [1]**   7/7
**faithfully [2]**   6/20 6/25
**familiar [1]**   6/13
**favor [1]**   6/14
**FEBRUARY [3]**   1/16 3/1 19/10
**few [1]**   13/11
**Fifty [1]**   2/18
**Fifty-First [1]**   2/18
**figure [1]**   12/12
**file [2]**   16/9 16/10
**film [1]**   15/1
**films [1]**   17/7
**final [2]**   16/16 18/15
**find [1]**   17/23
**first [4]**   2/18 6/4 6/13 16/25

## fix [1]   18/1

**Flores [1]**   3/20
**focus [2]**   7/5 13/13
**follow [2]**   6/25 10/13
**followed [1]**   4/7
**foregoing [1]**   19/5
**format [1]**   19/8
**forward [1]**   4/16
**frankly [2]**   5/9 13/1
**Freniere [1]**   2/4
**FRIDAY [2]**   1/16 3/1
**fully [1]**   12/12

## G

**gain [1]**   9/8
**gave [2]**   4/5 16/21
**GEE [1]**   1/3
**get [3]**   12/2 12/8 14/13
**Gibson [4]**   2/17 2/20 2/23 3/16
**gives [1]**   10/25
**giving [1]**   18/4
**go [1]**   18/2
**going [21]**
**Goldberg [2]**   2/4 3/13
**good [5]**   3/10 3/15 3/18 7/3 8/11
**Grand [3]**   2/18 2/21 2/23
**grant [1]**   4/11
**granted [1]**   6/16
**granting [1]**   10/23
**ground [1]**   10/1
**guess [3]**   4/6 5/6 7/14

## H

**had [3]**   8/10 8/11 10/24
**handle [2]**   5/22 16/14
**hands [1]**   4/14
**happen [3]**   6/1 13/1 18/2
**happens [1]**   10/20
**harm [1]**   17/17
**has [10]**
**hasn't [2]**   4/7 6/2
**have [32]**
**having [1]**   5/19
**he [2]**   16/21 17/3
**heard [1]**   13/9
**heavy [1]**   6/2
**held [2]**   8/21 19/6
**Hennigan [1]**   2/10
**here [5]**   5/6 5/15 12/10 17/4 17/13
**hereby [1]**   19/4
**holding [1]**   9/13
**holds [1]**   9/1
**Honor [11]**
**Honor's [2]**   5/2 15/17
**HONORABLE [1]**   1/3
**Horvath [1]**   3/12
**how [6]**   5/13 7/23 11/6 12/14 13/6 16/21
**Hueston [1]**   2/10
**huge [3]**   15/9 15/12 17/19
**Hutton [1]**   2/5

## I

**identical [6]**   10/21 11/11 11/13 12/9 16/20 17/1
**impact [3]**   6/8 7/13 10/15
**impacted [1]**   9/21
**important [2]**   8/5 13/4
**inclined [5]**   4/8 4/10 4/11 6/24 10/13
**inconsistent [1]**   7/15
**incorrect [1]**   14/9
**indisputable [1]**   14/1
**indulging [1]**   10/9

**I**

inefficiencies [2]   5/19 5/25
infringement [9]   8/11 11/18
 11/23 14/8 14/15 14/18 14/20
 15/3 15/10
infringements [2]   8/24 14/2
infringers [2]   11/17 14/19
infringing [1]   8/22
initial [1]   6/14
Instead [1]   17/16
instructions [2]   4/5 4/6
interim [1]   9/21
interlocutory [8]   4/10 4/15
 5/15 5/16 5/19 5/25 6/16
 7/18
interpret [1]   7/23
interpreted [2]   7/24 7/25
interpreting [1]   8/2
intervening [1]   6/18
introduce [1]   14/1
involved [1]   8/4
is [93]
issue [5]   6/13 7/4 12/22
 15/13 18/16
issued [2]   3/24 8/2
issues [2]   5/20 13/4
it [47]
item [1]   3/6
its [8]   6/2 6/25 7/15 8/21
 10/13 12/10 14/13 14/14

**J**

Jagannathan [1]   2/17
Jay [1]   3/17
joined [1]   3/16
JUDGE [1]   1/4
Judicial [1]   19/9
jury [3]   12/15 12/21 18/11
just [17]

**K**

KATIE [2]   1/20 19/12
Klieger [2]   2/9 3/12
know [5]   7/22 7/24 10/3
 11/23 17/13

**L**

laches [3]   8/7 8/20 9/1
language [4]   8/1 9/2 9/4 9/7
lasting [1]   17/13
later [3]   5/1 9/12 17/23
law [9]   6/4 6/5 6/13 7/10
 7/12 7/18 9/22 9/24 10/9
leads [1]   5/21
less [1]   17/8
Let [1]   6/12
license [1]   10/23
licensed [3]   11/5 11/6 11/7
licensing [4]   10/23 11/24
 12/4 15/1
like [7]   3/25 5/8 6/3 6/4
 6/7 7/12 13/9
likely [1]   13/14
limitation [1]   8/23
litigated [1]   14/16
little [2]   6/11 6/12
LLC [4]   1/6 1/9 3/7 3/8
LLP [7]   2/4 2/7 2/10 2/13
 2/17 2/20 2/23
long [1]   8/15
look [2]   8/12 14/24
LOS [7]   1/15 1/22 2/11 2/19
 2/21 2/24 3/1
lose [1]   16/2
lost [3]   12/11 14/23 17/10
lot [6]   4/12 5/10 5/11 16/7
 16/7 16/11

**M**

majority [2]   17/18 17/19
make [4]   7/11 7/21 16/5
 18/16
makes [1]   15/17
making [1]   9/11
many [2]   17/13 17/14
Markun [1]   2/4
materials [1]   12/5
matter [5]   5/12 10/7 11/4
 18/14 19/7
matters [1]   6/22
may [1]   10/12
maybe [1]   13/5
me [6]   3/11 4/12 6/12 7/8
 8/5 13/17
meaningful [2]   5/12 11/16
means [1]   11/12
meeting [1]   4/25
merits [5]   11/10 11/10 13/2
 16/19 16/25
met [1]   6/2
MGM [1]
MGM's [4]   11/2 11/23 12/9
 17/17
might [1]   16/21
Minae [2]   2/20 3/17
mini [1]   5/20
missed [1]   14/25
moment [1]   3/19
money [3]   12/3 14/13 14/14
Moore [2]   2/7 2/13
more [5]   4/15 9/5 9/16 9/16
 18/8
morning [5]   3/10 3/15 3/18
 3/24 4/6
motion [6]   4/22 4/23 6/9
 8/16 15/15 15/21
motions [1]   6/15
movant [1]   4/21
move [1]   7/12
Mr. [8]   3/12 3/13 3/20 13/12
 13/13 14/9 16/16 16/19
Mr. Daniel [1]   3/20
Mr. Earnhardt [2]   13/12 14/9
 16/16
Mr. Evanson [2]   13/13 16/19
Mr. Goldberg [1]   3/13
Mr. Klieger [1]   3/12
much [2]   11/6 18/8
multiple [3]   5/21 15/1 18/3
must [1]   17/23
my [5]   3/17 4/4 4/6 6/19
 13/19

**N**

nature [3]   12/9 17/3 17/12
need [1]   11/19
nevertheless [1]   9/17
New [2]   2/8 2/14
Ninth [2]
no [7]   1/8 4/13 5/12 11/4
 12/22 18/15 19/12
No. [1]   3/6
No. 2 [1]   3/6
not [22]
nothing [2]   6/6 10/8
notwithstanding [1]   4/18
now [6]   10/19 10/20 11/9
 12/23 13/7 18/2
NY [2]   2/8 2/14

**O**

obtained [1]   12/3
obviously [1]   4/21
occur [1]   9/3
occurred [2]   8/11 14/2
off [1]   12/20

**Official** [1]   1/20
**Offices** [1]   2/16
Oh [1]   18/20
okay [4]   5/8 13/20 16/18
 18/22
once [4]   5/23 12/8 13/25
 18/9
one [8]   3/19 5/9 7/11 7/21
 16/8 16/8 16/8 16/9
only [7]   4/11 5/17 5/23 9/9
 11/15 13/1 17/7
operates [1]   13/6
opinion [4]   7/1 7/9 8/17
 10/2
opportunity [1]   5/8
opposing [1]   5/1
orally [1]   4/8
order [1]   18/16
other [2]   10/24 11/24
our [3]   6/1 6/5 11/25
out [8]   5/1 10/5 12/24 12/25
 13/3 14/25 15/24 17/24
outcome [1]   13/15
outside [2]   9/3 10/5
outweigh [1]   5/24
over [2]   13/3 16/10
overall [1]   17/17
overwhelms [1]   14/18
own [5]   6/19 6/25 7/9 7/15
 10/14

**P**

page [1]   19/7
paid [1]   17/8
painstakingly [1]   6/20
Paring [1]   14/7
part [5]   7/6 15/14 15/15
 15/16 15/19
partially [1]   4/11
particular [3]   14/20 17/22
 17/25
particularly [1]   16/22
parties [2]   10/25 11/25
past [2]   7/16 7/23
paths [1]   18/3
pay [1]   17/6
percent [1]   14/3
perhaps [2]   7/5 13/16
period [4]   8/10 8/12 8/23
 9/3
permitted [1]   13/25
Petrella [11]
phased [1]   16/14
picture [2]   17/14 17/14
pictures [8]   10/24 11/5 11/6
 11/7 12/4 17/9 17/25 18/5
place [2]   5/16 15/13
plaintiff [5]   1/7 2/3 9/8
 9/17 11/17
plaintiffs [1]   3/9
pleadings [1]   13/24
point [8]   7/11 7/20 7/21 8/5
 9/11 11/16 16/25 17/2
points [3]   5/21 13/11 16/18
Polar [3]   8/2 9/12 10/17
portion [4]   14/4 14/14 15/9
 15/12
portions [1]   15/18
position [1]   6/1
possible [1]   7/14
practice [5]   11/10 11/12
 11/21 15/16 15/21
precedence [1]   6/25
precedent [1]   6/21
precedents [1]   10/14
preferred [1]   5/22
present [1]   8/14
PRESIDING [1]   1/4
presumption [1]   7/16

**P**

prevail [1]   10/12
prevents [1]   9/15
problem [1]   18/10
proceed [2]   14/10 15/18
proceedings [3]   1/14 18/23
  19/6
profit [3]   11/23 14/21 14/25
profits [5]   11/18 12/11
  14/19 14/23 17/10
proof [5]   11/11 11/12 12/8
  16/20 17/1
propose [1]   4/24
proposed [1]   16/14
provide [1]   8/22
provided [1]   4/7
pursuant [1]   19/4

**Q**

question [2]   10/10 14/19
questions [2]   10/10 15/6
quote [3]   8/21 9/4 9/8

**R**

raised [1]   13/12
rare [1]   5/23
rarely [1]   6/16
rather [1]   13/18
read [1]   8/18
really [3]   6/6 10/7 11/22
reason [5]   4/13 5/14 7/21
  7/24 12/22
reasons [2]   5/9 6/3
receive [1]   17/7
recently [1]   6/19
recess [1]   18/22
recognize [3]   5/16 7/2 9/22
recognized [1]   8/16
recoverable [1]   17/20
recovery [1]   9/5
regard [2]   7/3 7/5
regarding [1]   14/2
regardless [2]   13/15 14/10
regulations [1]   19/8
rejected [2]   8/6 8/13
rejects [2]   8/25 9/1
related [2]   13/5 18/5
relates [1]   16/22
relating [1]   13/22
relatively [1]   14/13
relief [1]   9/9
rely [1]   9/18
remain [1]   4/18
removed [1]   12/20
report [1]   4/25
reported [1]   19/6
Reporter [1]   1/20
REPORTER'S [1]   1/14
representative [1]   3/20
required [1]   13/15
resist [1]   18/4
resolve [1]   5/13
respect [2]   13/4 17/2
respectfully [2]   6/1 10/4
result [2]   15/1 16/13
resulted [1]   14/20
resulting [1]   17/11
retail [1]   17/9
retroactive [1]   9/9
return [1]   17/7
returned [1]   14/21
reversed [1]   6/22
review [3]   5/16 5/19 6/1
reviewed [2]   3/23 4/3
right [7]   3/18 3/22 5/4
  10/16 13/8 16/16 18/13
rise [1]   10/25
Robert [1]   2/9

**R**

Roley [8]   8/3 8/18 8/18 8/19
  8/19 8/19 9/7 9/7
RPR [1]   19/12
rule [12]
ruled [1]   6/14
ruling [3]   4/21 4/22 4/23

**S**

said [4]   7/23 8/9 17/22
  18/20
same [12]
Santa [1]   2/6
say [3]   5/10 6/17 11/18
says [2]   9/19 11/14
scope [1]   12/10
second [7]   6/7 7/6 10/3 10/5
  13/25 15/24 17/2
Section [2]   8/21 19/4
seek [1]   17/4
seems [1]   4/12
seen [1]   4/2
sell [1]   17/9
send [1]   7/17
sense [1]   15/18
separate [3]   8/8 8/9 9/14
separately [1]   8/12
set [2]   6/14 12/5
settled [2]   5/18 6/6
severed [1]   12/19
should [7]   4/14 5/25 9/22
  10/16 13/5 13/17 14/21
shouldn't [1]   9/19
show [2]   12/3 15/7
showing [1]   6/2
side [2]   13/3 18/15
sides [3]   7/4 13/24 15/23
significant [1]   14/4
significantly [1]   14/8
simplifying [1]   15/11
simply [3]   12/22 13/17 14/9
Since [1]   4/7
sitting [1]   4/14
situation [1]   6/20
so [23]
so-called [1]   8/13
Sohm [1]   10/4
some [3]   6/25 14/20 14/25
something [2]   7/17 17/7
sorts [1]   11/19
South [3]   2/18 2/21 2/23
specifically [1]   12/17
split [1]   6/23
Srinivasan [2]   2/17 3/17
standard [2]   6/15 7/2
starting [2]   5/16 7/20
Starz [17]
Starz's [2]   13/23 17/8
STATES [4]   1/1 1/4 19/5 19/9
statute [1]   9/4
statutory [1]   15/2
stay [3]   4/11 4/23 13/17
steer [1]   6/12
stenographically [1]   19/6
step [1]   5/15
Steven [1]   2/4
still [1]   8/15
straightforward [2]   14/1
  14/13
streamline [1]   14/8
streamlining [1]   15/11
Street [2]   1/21 2/10
stuff [2]   15/11 16/10
subject [3]   11/2 15/4 15/5
submission [1]   18/15
submit [1]   6/10
subset [1]   11/8
substantial [1]   10/1
successful [1]   9/8
sued [2]   8/24 9/17

**S**

suggest [2]   5/14 6/24
Suite [2]   1/21 2/11
summarize [1]   7/8
supported [1]   12/13
Supreme [6]   6/18 8/6 8/20
  9/7 9/18 9/21
survive [1]   8/14
Swaine [2]   2/7 2/13
swim [1]   5/6
sympathies [1]   7/4

**T**

take [2]   11/5 18/14
taken [2]   5/11 11/19
talk [1]   6/8
task [1]   5/6
Television [2]   1/9 3/7
tell [1]   4/8
ten [1]   9/12
tentative [8]   3/24 3/25 4/2
  4/9 4/22 5/7 13/19 15/17
terms [1]   15/25
than [5]   9/5 9/16 9/16 13/18
  17/8
thank [5]   3/21 13/8 18/17
  18/18 18/20
thanks [1]   10/9
that [127]
their [1]   14/3
them [2]   17/8 17/19
then [8]   6/7 9/1 9/12 10/23
  13/16 14/12 17/9 18/12
theory [7]   8/13 12/6 12/7
  14/15 17/12 17/12 17/21
there [34]
therefore [3]   4/2 4/3 6/6
these [7]   11/20 12/4 15/6
  16/7 17/1 17/7 18/3
they [13]
THIBODEAUX [2]   1/20 19/12
thing [2]   9/23 13/1
things [2]   16/6 18/7
think [17]
thinking [2]   7/15 13/19
third [3]   10/25 11/25 13/23
this [21]
those [11]
though [1]   18/6
thought [1]   6/21
three [8]   8/10 8/12 9/3 9/6
  9/9 9/16 9/16 12/4
three-year [3]   8/10 8/12 9/3
through [1]   14/17
tied [2]   12/17 17/23
time [4]   9/9 13/24 14/3
  15/22
times [2]   12/4 12/4
title [9]   14/24 14/24 15/7
  15/7 15/20 15/21 16/11 16/11
  19/4
titles [9]   11/20 13/3 13/23
  14/7 15/9 15/13 15/24 16/7
  17/13
today [2]   5/1 18/16
too [1]   11/13
touch [1]   6/3
transcript [3]   1/14 19/6
  19/7
trial [8]   6/10 12/8 12/16
  12/24 14/17 15/11 15/16 17/1
tried [1]   15/13
true [3]   4/9 11/22 19/5
truly [1]   5/23
trying [3]   5/6 7/8 8/20
turn [1]   16/10
Turning [1]   10/15
twice [1]   18/7
two [3]   6/3 12/4 16/18

**U**

**U.S [1]**   1/20
**ultimately [2]**   12/15 16/2
**unchanged [1]**   4/18
**under [15]**
**underlying [1]**   10/22
**understand [1]**   6/15
**understanding [1]**   5/18
**UNITED [4]**   1/1 1/4 19/5 19/9
**Unless [1]**   10/10
**up [4]**   7/17 9/25 18/5 18/7
**upon [2]**   8/24 9/18
**upstream [1]**   5/6
**us [1]**   10/6
**used [3]**   8/1 9/4 9/7

**V**

**various [1]**   4/17
**vast [2]**   17/18 17/19
**verdict [2]**   12/21 18/11
**versus [1]**   3/7
**very [5]**   6/11 7/24 9/23
 10/12 11/23
**view [1]**   6/5
**virtually [4]**   10/21 11/11
 11/13 12/9

**W**

**waiting [1]**   4/15
**waiver [1]**   8/22
**want [1]**   7/21
**was [10]**
**wasted [1]**   15/23
**way [10]**
**we [47]**
**weigh [1]**   13/5
**well [6]**   4/20 5/18 10/12
 10/19 12/19 13/14
**well-settled [1]**   5/18
**were [3]**   4/6 8/15 8/24
**Wes [2]**   2/12 3/10
**West [2]**   1/21 2/10
**WESTERN [1]**   1/2
**what [11]**
**when [8]**   4/16 5/23 6/25 7/16
 8/1 9/11 11/6 14/2
**where [5]**   6/20 11/5 14/19
 14/24 16/9
**whether [11]**
**which [5]**   5/24 10/1 10/24
 14/7 17/18
**while [1]**   13/2
**who [1]**   3/25
**wholesale [1]**   17/9
**why [4]**   4/14 6/5 12/22 13/17
**will [26]**
**willfulness [1]**   15/3
**within [1]**   8/23
**won't [4]**   15/14 15/14 15/15
 15/16
**words [2]**   16/17 18/15
**work [1]**   5/1
**works [1]**   18/9
**would [30]**
**wrong [3]**   8/13 8/25 17/3
**wrongly [2]**   10/4 10/6
**wrote [1]**   7/9

**Y**

**year [4]**   4/14 8/10 8/12 9/3
**years [6]**   9/6 9/9 9/12 9/16
 9/16 17/14
**Yes [2]**   13/10 18/19
**York [2]**   2/8 2/14
**you [25]**
**your [21]**
**Yu [2]**   2/20 3/17

**Z**

**Zusman [1]**   2/4