# PLAINTIFF'S EXHIBIT 1

JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
MINAE YU, SBN 268814
  myu@gibsondunn.com
JONATHAN N. SOLEIMANI, SBN 295673
  jsoleimani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

ORIN SNYDER (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Attorneys for Defendant MGM DOMESTIC
TELEVISION DISTRIBUTION LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STARZ ENTERTAINMENT, LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>MGM DOMESTIC TELEVISION<br>DISTRIBUTION LLC,<br><br>             Defendant. | CASE NO. 2:20-cv-04085-DMG-KS<br><br>**DEFENDANT MGM DOMESTIC TELEVISION DISTRIBUTION LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34 of the Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court, Defendant MGM Domestic Television Distribution LLC ("MGM"), by and through its undersigned counsel, hereby objects and responds to Plaintiff's First Set of Requests for Production of Documents (the "Requests," and each a "Request").

## GENERAL RESPONSE

Plaintiff's Requests are premature. The Court has scheduled the initial scheduling conference in this case for March 12, 2021. As the Court previously held, discovery prior to the scheduling conference is permitted only to the extent mutually agreed by the parties. *Palmer v. Cognizant Tech. Sols. Corp.*, 2019 WL 9359775, at *1 (C.D. Cal. Feb. 4, 2019) (holding that discovery "may not proceed prior to the Scheduling Conference" where "there is no mutual agreement"); *Limbu v. UST Glob., Inc.*, 2017 WL 8186674, at *7 (C.D. Cal. Apr. 20, 2017) (holding that if "the parties cannot mutually agree to engage in discovery before the Scheduling Conference, then they must await the Scheduling Conference and/or the issuance of the Court's Scheduling and Case Management Order."). MGM has not agreed to engage in discovery prior to the status conference and in particular, objects to the overly broad, unduly burdensome and disproportional scope of discovery propounded by Plaintiff. Moreover, MGM has filed a motion for certification of the Court's order denying MGM's motion to dismiss pursuant to 28 U.S.C. § 1292(b) (Dkt. 40) and motion for stay (Dkt. 41), the resolution of which may stay all proceedings in this case pending disposition of the interlocutory appeal. Although MGM objects and responds to Plaintiff's improper and premature Requests, MGM's objections and responses are not and shall not be construed as an agreement to engage in discovery prior to the Court's scheduling conference. MGM reserves all rights to challenge Plaintiff's Requests on all grounds, including that they are premature and not permitted at this time.

MGM's responses to the Requests ("Responses") are made solely for the purpose

1

of, and in relation to, the above-captioned action.   These Responses are based on information and documents presently known and available to MGM following a reasonably diligent and good-faith investigation.   MGM's discovery, investigation, and preparation for trial are continuing as of the date of these Responses.   Accordingly, without in any way obligating MGM to do so, these Responses are subject to clarification, modification, or amendment as additional facts are ascertained, analysis is made, or legal research is completed.

By responding that it will produce documents, MGM does not represent that such documents in fact exist, but rather only that a reasonable, good faith search for such documents will be or has been made and, to the extent that responsive, non-privileged documents exist and the production of such documents is not otherwise objectionable, that those documents will be produced, subsequent to the execution of a mutually agreeable confidentiality agreement and document production protocol and the Court's approval of the same.

MGM's Responses herein are not intended to be, nor do they in fact constitute, waiver of any rights, and MGM hereby expressly reserves the following:

1.   The right to object to the Requests in their entirety as being untimely and premature;

2.   The right to supplement or amend these Responses should future discovery and investigation indicate that such supplementation or amendment is necessary;

3.   The right to make any use of, or to introduce at any hearing and at trial, information or documents responsive to these Requests but discovered subsequent to the date of these Responses, including, but not limited to, any such information or documents obtained in discovery;

4.   The right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests; and

5.     The right to object to the admissibility any document or thing produced pursuant to these Requests on grounds of authenticity, foundation, relevance, materiality, privilege, or admissibility in any subsequent proceeding in, or trial of, this or any other action.

## **GENERAL OBJECTIONS**

MGM objects generally to the Requests, Instructions and Definitions contained therein on the grounds set forth below.  MGM's General Responses and General Objections shall be deemed incorporated into each of the Specific Objections and Responses that follow, whether or not expressly referenced therein.  The absence of any reiteration of MGM's General Response and General Objection in a Specific Response is neither intended to be, nor shall be construed as, a limitation or a waiver of any General Objection made herein.  Moreover, the inclusion of a Specific Objection in a particular Response is neither intended to be, nor shall be construed as, a limitation or waiver of a General Objection or any other Specific Objection.

1.     MGM objects to each and every Request on the grounds that they are premature.  The Court has not yet held the initial scheduling conference in this case and there is no agreement between the parties to engage in any discovery prior to the conference.   Moreover, no confidentiality agreement and/or document production protocol have been executed by the Parties and/or approved by the Court, which must occur before any information or document may be produced.   MGM further objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are not reasonably available to MGM at this time, including information or documents that are the subject of expert testimony, which will be provided in accordance with the discovery schedule set by the Court or information or documents concerning MGM's contention with respect to any issue, which is more appropriately answered at or near the close of discovery.  Moreover, Plaintiff has not provided any information concerning the infringements or the breaches that it alleges in the Complaint, including when such infringements or breaches purportedly occurred,

what media they occurred on and the identity of third party exhibitor that allegedly exhibited any Picture licensed to Starz during Starz's license period.  Plaintiff should provide such information referenced in its Complaint before purporting to require MGM to provide any contentions concerning its allegations.

2.     MGM objects to each and every Request, Instruction, and Definition to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.

3.     MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are not relevant to any party's claim or defense, are not proportional to the needs of the case, impose burden and expenses that outweigh their likely benefit, and are otherwise outside the proper scope of discovery.

4.     MGM objects to each and every Request, Instruction, and Definition to the extent that they are not particularized and not reasonably calculated to lead to the discovery of admissible evidence.

5.     MGM objects to each and every Request, Instruction, and Definition to the extent that they are vague, ambiguous, imprecise, unclear, or otherwise unintelligible. MGM will respond to the Request based on its understanding and interpretation, to the extent possible.  If Plaintiff subsequently asserts any interpretation of any Request or Definition that differs from that of MGM, MGM reserves the right to further supplement its objections and responses.

6.     MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.

7.     MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents from or about entities affiliated with

MGM that are not parties to this litigation.  By responding to any such Request, MGM is in no way admitting that any nonparty is related to this action, nor is MGM waiving the right of any nonparty entity to object to such Request.

8.    MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents already in the possession, custody or control of Plaintiff or available to Plaintiff from another source that is more convenient, less burdensome, less expensive or equally accessible to Plaintiff.

9.    MGM objects to each and every Request, Instruction, and Definition to the extent that they are unreasonably cumulative of information sought through other discovery requests or call for information that is better suited for other forms of discovery requests.

10.    MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection.  MGM further objects to each and every Request, Instruction, and Definition to the extent they require the subjective judgment on the part of MGM and its attorneys or the disclosure of a conclusion or opinion of counsel to respond.   Privileged or otherwise protected information or documents shall not be provided in response to Plaintiff's Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such information or documents, or their subject matter.  Any privileged or otherwise protected information or documents that are inadvertently produced or disclosed shall be immediately returned to MGM, with all copies within Plaintiff's possession, custody, or control destroyed without further distribution.

11.    MGM objects to each and every Request, Instruction, and Definition to the extent that they seek confidential business information, proprietary information, commercially or competitively sensitive information, or personal information belonging to MGM, nonparties or third-parties (including MGM's affiliates, employees, customers,

Gibson, Dunn & Crutcher LLP

or business partners) and/or information or documents that MGM is obligated to refrain from disclosing pursuant to any statute, court order, contract, agreement, or other restrictions. To the extent that MGM agrees to provide such information or documents, it is subject to MGM's compliance with any notice and/or other obligations to third parties in advance of the disclosure.

12.   MGM objects to each and every Request, Instruction, and Definition to the extent that they seek discovery from any parent, subsidiary, or affiliate of MGM. MGM is the only party named in this lawsuit and no claims of any kind have been asserted against MGM's parent, subsidiaries, or affiliates. MGM will respond on behalf of itself only and not on behalf of any parent, subsidiary or affiliate.

13.   MGM objects to each and every Request, Instruction, and Definition to the extent that they lack foundation or assume as true characterizations, definitions, arguments, allegations, assertions or assumptions that are disputed or erroneous. By responding and objecting to the Requests, MGM does not admit the correctness of such assertions. Nothing contained in or absent from MGM's Responses or Objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, arguments, allegations, assertions or assumptions are correct or accurate.

14.   MGM objects to each and every Request, Instruction, and Definition to the extent that they purport to require MGM to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

15.   MGM objects to each and every Request, Instruction, and Definition to the extent that they purport to require preservation, search, and/or production of electronically stored information ("ESI") that is not stored on active systems, but is stored on systems, backup tapes, disaster recovery tapes, disaster recovery systems, and other media that are no longer part of normal business operations, or ESI that is transient in

Gibson, Dunn & Crutcher LLP

nature such as RAM, cookies, or data on dynamic databases.  Such ESI is not reasonably accessible because of the undue burden and cost associated with recovering ESI from such sources.  *See* Fed. R. Civ. P. 26(b)(2)(B).

16.     MGM objects to Instruction No. 6 to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM will respond to the Requests based on its understanding and interpretation, to the extent possible.  If a Request is so vague, ambiguous, imprecise, unclear, or otherwise unintelligible as to preclude a response, MGM will not respond.

17.     MGM objects to Instruction No. 8 on the grounds that it purports to require MGM to produce information or documents relating to events and/or transactions occurring outside of the time period relevant to this litigation.  Specification of a time period covered by MGM's Responses is neither intended to be, nor shall be construed as, an admission by MGM that the time period specified is in fact relevant to this litigation.

18.     MGM objects to Instruction No. 9 to the extent that it purports to require MGM to disclose information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of the right of privacy of MGM or any other entities.  MGM further objects to Instruction No. 9 on the grounds that the phrase "other Persons acting or purporting to act on Your behalf" renders the instruction vague, ambiguous, overly broad, unduly burdensome and disproportional. MGM further objects to Instruction No. 9 to the extent it purports to impose an obligation on MGM to conduct anything beyond a reasonable and diligent search of locations where responsive documents reasonably would be expected to be found.  When MGM agrees to produce documents in response to a Request, such a response does not constitute a representation that such documents in fact exist or that MGM will search all information

or documents maintained by any and all persons, but rather only that a reasonable, good faith search for such documents will be or has been made and, to the extent that responsive, non-privileged documents exist and the production of such documents is not otherwise objectionable, that those documents will be produced, subsequent to the execution of a mutually agreeable confidentiality agreement and document production protocol, and the Court's approval of the same.  Any Requests that purports to require MGM to go beyond such a search are overbroad and unduly burdensome.

19.    MGM objects to Instruction No. 10 to the extent that it purports to require MGM to disclose information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of the right of privacy of MGM or any other entities.

20.    MGM objects to Instruction No. 13 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM further objects to Instruction No. 13 to the extent it purports to require MGM to produce information or documents in the absence of a reasonable and mutually agreeable document production protocol and/or in a manner different from or inconsistent with any document production protocol to be mutually agreed to by the parties and approved by the Court.  MGM further objects to Instruction No. 13 to the extent it purports to require MGM to disclose information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of right of privacy of MGM or any other entities.

21.    MGM objects to Instruction No. 14 to the extent that Plaintiff purports to reserve rights that it does not have under the Federal Rules of Civil Procedure, Local

Gibson, Dunn & Crutcher LLP

Rules, an all applicable rules and orders of this Court.

22.    MGM objects to Instructions No. 16 and 17 to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM will only provide information that it is required to provide under Rule 26(b)(5)(A)(ii).

23.    MGM objects to Plaintiff's definitions and use of certain terms as follows. The absence from the following list of a particular term is neither intended to be, nor shall be construed as, MGM's waiver of any objection to Plaintiff's definition or use of such term.  MGM will respond to each and every Request based on its understanding of the terms used therein.  To the extent that MGM adopts any term defined by Plaintiffs, it is solely for the purpose of responding to the Requests.  MGM does not accept or concede that any of the terms or definitions contained in the Requests is appropriate, legally sufficient, descriptive, or accurate.

a.    MGM objects to Plaintiff's purported definition of the term "Affiliate" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, Plaintiff's definition purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" of another entity, directly or indirectly.  In responding to these Requests, MGM will construe the term Affiliate to mean and refer to a parent corporation, a subsidiary corporation or sibling corporations with a common owner that owns at least 50% of the shares of each corporation.

b.    MGM objects to Plaintiff's purported definition of the term "Amazon" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to determine the corporate, ownership, and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third

1   party entities.  In responding to these Requests, MGM will construe the term

2   Amazon to mean and refer solely to Amazon.com, Inc.

3   c.     MGM   objects   to   Plaintiff's   purported   definition   of   the   term

4   "AT&T/DIRECTV" on the grounds that it is vague, ambiguous, overbroad, and

5   unduly burdensome.  Among other things, the definition purports to require MGM

6   to determine the corporate, ownership, and/or governing structure of third parties

7   and entities that MGM does not have knowledge of and/or are not parties to this

8   case and to perform legal analysis concerning whether the requisite level of control

9   exists among third party entities.  In responding to these Requests, MGM will

10  construe the term "AT&T/DIRECTV" to mean and refer solely to AT&T Inc.

11  and/or DIRECTV, Inc.

12  d.     MGM objects to Plaintiff's purported definition of the term "Charter" on the

13  grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among

14  other things, the definition purports to require MGM to determine the corporate,

15  ownership, and/or governing structure of third parties and entities that MGM does

16  not have knowledge of and/or are not parties to this case and to perform legal

17  analysis concerning whether the requisite level of control exists among third party

18  entities.  In responding to these Requests, MGM will construe the term "Charter"

19  to mean and refer solely to Charter Communications, Inc.

20  e.     MGM objects to Plaintiff's purported definition of the term "Comcast" on

21  the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.

22  Among other things, the definition purports to require MGM to determine the

23  corporate, ownership, and/or governing structure of third parties and entities that

24  MGM does not have knowledge of and/or are not parties to this case and to perform

25  legal analysis concerning whether the requisite level of control exists among third

26  party entities.  In responding to these Requests, MGM will construe the term

27  "Comcast" to mean and refer solely to Comcast Corporation.

28  f.     MGM   objects   to   Plaintiff's   purported   definitions   of   the   terms

Gibson, Dunn &
Crutcher LLP

"Communication," "Document," or "Documents" on the grounds and to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM further objects to these definitions to the extent they purport to require MGM to produce information or documents in the absence of a reasonable and mutually agreeable document production protocol and/or in a manner different from or inconsistent with any document production protocol to be mutually agreed to by the parties and approved by the Court.  In responding to these Requests, MGM will construe the terms "Communication," "Document," or "Documents" consistent with the Federal Rules of Civil Procedure and any document production protocol to be mutually agreed to by the parties and approved by the Court.

g.      MGM objects to Plaintiff's purported definitions of the terms "concerning" and "relate(s) to" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome.  In responding to these Requests, MGM will construe the terms "concerning" and "relate(s) to" using their ordinary meaning.

h.      MGM objects to Plaintiff's purported definition of the terms "Defendant," "MGM," "You," and "Yours" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome, and purports to impose a discovery obligation on persons and/or entities that are not parties to the action.  MGM further objects to Plaintiff's definition on the grounds that it purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" with MGM, directly or indirectly.  In responding to these Requests, MGM will construe the terms "Defendant", "MGM", "You" and "Yours" to mean and refer solely to MGM Domestic Television Distribution LLC.

i.      MGM objects to Plaintiff's purported definition of the term "DISH" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, the definition purports to require MGM to determine the corporate,

Gibson, Dunn & Crutcher LLP

ownership, and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities. In responding to these Requests, MGM will construe the term "DISH" to mean and refer solely to DISH Network Corporation.

j.   MGM objects to the term "Distributor" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to know the identities of every "corporation, limited liability company, partnership, firm, association or other organization that distributes or exhibits television content, including but not limited to MVPDs." In responding to these Requests, MGM will construe the term "Distributor" to mean and refer solely to distributors with whom MGM has business dealings that are relevant to the subject matter of this litigation.

k.   MGM objects to Plaintiff's purported definition of the term "Epix" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to Plaintiff's definition on the grounds that it purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" with Epix Entertainment LLC, directly or indirectly. In responding to these Requests, MGM will construe the term "Epix" to mean and refer solely to Epix Entertainment LLC.

l.   MGM objects to Plaintiff's purported definition of the term "exclusivity" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this definition to the extent that it purports to assert a legal conclusion or legal admission about any limited rights that any licensee may have in any pictures that MGM owns or distributes. MGM further objects to this definition as it renders the Requests in which the term is used nonsensical. MGM further objects to this definition to the extent that it assumes that MGM has granted any entity "the sole rights to exhibit, distribute, display or otherwise use certain

films or television episodes for a specific length of time."  MGM further objects to this definition to the extent it assumes that the limited rights that any licensee may have in any pictures that MGM owns or distributes have uniform definition and/or scope.  MGM further objects to this definition to the extent it requires MGM to review and analyze every contract with its licensee to determine whether any rights or contract falls within Plaintiff's definition.  In responding to these Requests, MGM will construe the term "exclusivity" using its ordinary definition, to the extent Plaintiff's use of the word in its specific Requests does not preclude an intelligible response.

m.      MGM objects to Plaintiff's purported definition of the term "MGM's Library" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, MGM does not understand what Plaintiff means by "capable of licensing to other Persons."  MGM further objects to this definition on the grounds and to the extent Plaintiff's use of the term in the Request purports to require MGM to produce any information or documents concerning content that is not relevant to this action.  In responding to these Requests, MGM will construe the term "MGM's Library" to mean and refer to content that MGM owns or distributes.

n.      MGM objects to Plaintiff's purported definition of the term "MVPD" on the grounds and to the extent it purports to assert a legal conclusion or legal admission about the classification of any third parties.  In responding to these Requests, MGM will construe the term "MVPD" to mean and refer to Multichannel Video Programming Distributors.

o.      MGM objects to Plaintiff's purported definition of the term "Plaintiff" and "Starz" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, MGM does not know the identity of all of Starz's "consultants, advisors, representatives, agents, attorneys, accountants, employees and all Persons acting or purporting to act on behalf of any of the

Gibson, Dunn &
Crutcher LLP

foregoing."   In responding to these Requests, MGM will construe the term "Plaintiff" or "Starz" to mean and refer solely to Starz Entertainment LLC.

p.      MGM objects to Plaintiff's purported definition of the term "Person" or "Persons" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, MGM does not know the identity of all of the "directors, officers, agents and employees" of the "corporation, limited liability company, partnership, firm, association, government agency or other organization recognizable at law" to which Plaintiff may be referring.  In responding to these Requests, MGM will construe the term "Person" or "Persons" to mean or refer to any individual, corporation, limited liability company, partnership, firm, association, government agency or other organization recognizable at law.

q.      MGM objects to Plaintiff's purported definition of the terms "Platform" or "Platforms" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, the definition purports to require MGM to know the identities of every "corporation, limited liability company, partnership, firm, association or other organization that provides a service that allows, enables or makes available the exhibition or distribution of films and/or television episodes, including but not limited to pay television networks, SVOD, AVOD and TVOD." In responding to these Interrogatories, MGM will construe the term "Platform" or "Platforms" mean and refer solely to platform(s) with whom MGM has business dealings that are relevant to the subject matter of this litigation.

r.      MGM objects to Plaintiff's purported definition of the terms "Rights Tracking System" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, "any other process or procedure used by MGM" is vague and ambiguous.  In responding to these Interrogatories, MGM will construe the term "Rights Tracking System" to mean and refer to a system, database, tracking program or other software program used by MGM to record, monitor or track licenses and/or holdbacks.

Gibson, Dunn &
Crutcher LLP

14

s.     MGM objects to Plaintiff's purported definition of the terms "SVOD," "AVOD," and "TVOD" to the extent the definition differs from those contained in the "Library Agreements."  In responding to these Requests, MGM will construe any terms used in the Library Agreements in accordance with the Library Agreements.

t.     MGM objects to Plaintiff's purported definition of the terms "value" or "valuation" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  In responding to these Requests, MGM will construe the terms "value" and "valuation" in accordance with their ordinary definition.

u.     MGM objects to Plaintiff's instruction that "Other terms not defined herein and used in the Complaint shall have the same meaning as within the Complaint." MGM will construe words using their ordinary meaning unless MGM has specified a definition different from their ordinary meaning.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify Your organizational structure from January 1, 2013 to present, including the titles and names of employees that have overseen each division and Affiliate.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "overseen," "division," and "Affiliate" render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery.  Among other things, information and documents concerning MGM's divisions, departments, or employees who did not have any responsibility nor performed

15

any function related to the subject matter of this lawsuit are irrelevant and outside the proper scope of discovery. Moreover, MGM is the only entity against whom Starz has asserted any claims. As such, the organizational structure and the identity of the employees of MGM's affiliates are irrelevant and outside the proper scope of discovery. MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM and nonparties, including MGM's affiliates and their employees who are not parties to this lawsuit. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning the Library Agreements, including without limitation the negotiation and drafting thereof.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, a Request for "All Documents" concerning the

Gibson, Dunn &
Crutcher LLP

Library Agreements, untethered from any specific allegations in this case, seeks numerous documents that have no relevance to any claims or defenses in this case and is facially overbroad and disproportionate.  The burden and expense of searching for and producing "All Documents" concerning the Library Agreements over a period spanning more than eight years far outweighs any likely benefit that may be obtained from such documents.  MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, the Request does not specify what types of documents relating to the Library Agreement the Request seeks.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds and to the extent that it calls for information or documents protected by the attorney-client privilege, the work product doctrine and Federal Rules of Civil Procedure 26(b)(3) & (4).  MGM further objects to this Request on the grounds and to the extent that it calls for information or documents already in the possession, custody, or control of Plaintiff, including any communications it had with MGM concerning the Library Agreements.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly

17

1    defined, modified, and limited so that it is confined to a relevant, reasonable, and

2    identifiable collection of materials.

3    **REQUEST FOR PRODUCTION NO. 3:**

4        Documents sufficient to show MGM's ownership of or license to the copyrights

5    for each Picture licensed in the Library Agreements.

6    **RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

7        MGM restates and incorporates by reference its General Response and General

8    Objections as though fully set forth herein.  MGM further objects to this Request on

9    the grounds that it seeks information and documents that are not relevant to the subject

10   matter of this litigation, is disproportionate to the needs of the case, imposes burdens

11   and expenses that outweigh their likely benefit, or is otherwise outside the proper scope

12   of discovery.  Among other things, the Library Agreements cover hundreds of Pictures

13   as to which there is no dispute at all.  As such, documents concerning MGM's ownership

14   of or license to the copyrights in any Picture for which Plaintiff does not allege any

15   copyright infringement are wholly irrelevant to this lawsuit.   Moreover, MGM's

16   ownership of or license to the copyrights in any Picture for which Starz alleges

17   infringement beyond the three years preceding this lawsuit—including Pictures in

18   which Plaintiff's license expired three years before the commencement of this

19   lawsuit—is irrelevant because Plaintiff has no entitlement to any relief concerning

20   those Pictures.  In addition, Starz does not allege that MGM did not have the right to

21   distribute the Pictures.  MGM further objects to this Request on the grounds and to the

22   extent that it calls for information or documents already in the possession, custody, or

23   control of Plaintiff, including information concerning ownership that Plaintiff listed in

24   Exhibit A of its Complaint.

25       Subject to and without waiving the foregoing objections, MGM responds as

26   follows:

27       MGM is willing to meet and confer with Plaintiff after the Scheduling

28   Conference set for March 12, 2021, to determine if this Request can be properly

Gibson, Dunn &
Crutcher LLP

defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the implementation and use of MGM's Rights Tracking Systems in relation to the Pictures, including production of any database concerning the Pictures used as part of MGM's Rights Tracking Systems and any Documents concerning MGM's practices and procedures for monitoring and ensuring compliance with the terms of the Library Agreements.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "implementation," "use," "database," and "practices and procedures" render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this Request on the grounds that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  Requiring MGM to produce its entire "database" is beyond any obligation imposed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery.  Among other things, the Library Agreements cover hundreds of Pictures as to which there is no dispute at all.  As such, documents concerning the implementation or use of MGM's Rights Tracking Systems in relation to any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit.  Moreover, a Request for "All Documents" concerning the implementation and use of

Gibson, Dunn & Crutcher LLP

MGM's Rights Tracking Systems in relation to the Pictures is facially overbroad and disproportionate. The burden and expense of searching for and producing "All Documents" concerning the implementation and use of MGM's Rights Tracking Systems over a period spanning more than eight years far outweighs any likely benefit that may be obtained from such documents. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, or third parties, and/or information or documents MGM is obligated to refrain from disclosing, including any such information contained in MGM's entire "database." MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly

defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning any deficiencies, errors, problems, mistakes or errors in the design, implementation, or use of MGM's Rights Tracking Systems.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms and phrases "deficiencies," "errors," "problems," "mistakes or errors," "design," "implementation," and "use" render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, documents concerning any "deficiencies, errors, problems, mistakes or errors in the design, implementation, or use of MGM's Rights Tracking Systems" that have no relevance to any purported infringement of any of Plaintiff's rights or breach of the Library Agreements as alleged in the Complaint have no relevance whatsoever to this lawsuit. Moreover, a Request for "All Documents and Communications" concerning such broad topics, is facially overbroad and disproportionate. The burden and expense of searching for and producing "All Documents" concerning "any deficiencies, errors, problems, mistakes or errors in the design, implementation, or use of MGM's Rights Tracking Systems," including any minor glitches, over a period spanning more than eight years far outweighs any likely benefit that may be obtained from such documents. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds that it seeks confidential,

Gibson, Dunn & Crutcher LLP

proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, including its business practices or process.   MGM further objects to this Request insofar as it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).   MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.   MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the following information:

    i.    the identification of each Person to whom you have licensed any of the Pictures;

    ii.    the dates the Pictures were licensed to any Person, the territories covered by the licenses, the types of exhibition or distribution authorized (such as on pay television networks, SVOD, AVOD or TVOD) and the time period or windows covered by the licenses, on a Person-by-Person and Picture-by-Picture basis;

    iii.    the revenue You received from each Person to whom a Picture was licensed, on a Person-by-Person, Picture-by-Picture, and date-by-date basis;

    iv.    the revenue You received from each Platform or Distributor on which a Picture was exhibited, on a Platform-by-Platform, Picture-

1              by-Picture, and date-by-date basis, including any revenue received

2              from self-publication or self-exhibition;

3        v.    all license agreements concerning any of the Pictures;

4       vi.    dates that information concerning the Pictures was entered into

5              MGM's Rights Tracking System or other database; and

6      vii.    any surcharges, rebates or discounts offered to Persons that were

7              licensed any of the Pictures.

8  **RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

9       MGM restates and incorporates by reference its General Response and General

10  Objections as though fully set forth herein.  MGM further objects that the terms and

11  phrases "rebates," "surcharges," and "discounts," render the Request vague, ambiguous,

12  overbroad, and unduly burdensome.  MGM further objects to this Request on the

13  grounds that it seeks information and documents that are not relevant to the subject

14  matter of this litigation, is disproportionate to the needs of the case, imposes burdens

15  and expenses that outweigh their likely benefit, or is otherwise outside the proper scope

16  of discovery.  Among other things, the Library Agreements cover hundreds of Pictures

17  as to which there is no dispute at all.  As such, documents concerning any Picture for

18  which Plaintiff does not allege any copyright infringement or breach of contract are

19  wholly irrelevant to this lawsuit.  Moreover, even with respect to Pictures in dispute in

20  this case, any information or documents concerning any time period, media, territories,

21  or languages in which Starz did not have any rights have no relevance whatsoever to this

22  lawsuit.  Likewise, any surcharges, rebates, or discounts that MGM offered any

23  licensee are wholly irrelevant to this lawsuit.  Further, MGM's revenues derived from

24  any Picture in dispute outside of the three years preceding this lawsuit are not relevant.

25  MGM further objects to this Request on the grounds that it is not particularized and not

26  reasonably calculated to lead to the discovery of admissible evidence.  MGM further

27  objects to this Request on the grounds and to the extent it seeks information and

28  documents that are not in MGM's possession, custody, or control; not obtainable at this

Gibson, Dunn &
Crutcher LLP

time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, and third-parties, including terms of license agreements that MGM is required to refrain from disclosing. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning STARZ, including but not limited to any Communications concerning the discovery of the breach or violation of the Library Agreements or of STARZ's exclusive rights in the Pictures.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "concerning STARZ," "discovery," "violation," and "exclusive rights," render the Request vague and ambiguous.  MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous, including

24

Plaintiff's allegations that it had any "exclusive rights" or that MGM breached or violated the Library Agreements.  MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, a Request for "All Documents" concerning STARZ is facially overbroad and disproportionate.  Documents concerning STARZ that are not related to any purported infringement of any of Plaintiff's rights or breach of the Library Agreements as alleged in the Complaint have no relevance whatsoever to this lawsuit. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Subject to and without waiving the foregoing Objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications, contracts or agreements purporting to license any of the Pictures to Persons other than STARZ, including but not limited to any MGM-owned Platforms such as Epix.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous, including the assertion that Epix is a MGM-owned Platform. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, the Library Agreements cover hundreds of Pictures as to which there is no dispute at all. As such, documents concerning any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit. Moreover, even with respect to the Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. Further, a Request for "All Documents, Communications, contracts or agreements" concerning such irrelevant topics is facially overbroad and disproportionate. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain. MGM further objects to

Gibson, Dunn & Crutcher LLP

this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, and third-parties, including MGM's agreement with nonparties that it is required to refrain from disclosing.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or search terms to apply to any ESI.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning MGM offering to license any of the Pictures to Persons other than STARZ, including but not limited to any MGM-owned Platforms such as Epix.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the term "offering to license" render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous, including the assertion that Epix is a MGM-owned Platform.  MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses

that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, the Library Agreements cover hundreds of Pictures as to which there is no dispute at all. As such, documents concerning any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit. Moreover, even with respect to Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. Further, a Request for "All Documents" concerning such irrelevant topics is facially overbroad and disproportionate. In addition, any purported offer by MGM has no relevance to this lawsuit to the extent any such offer did not result in any copyright infringement or breach of contract. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, and third-parties, including MGM's discussions with nonparties that it is required to refrain from disclosing. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or search terms to apply to any ESI.

Gibson, Dunn &
Crutcher LLP

1   Subject to and without waiving the foregoing objections, MGM responds as
2   follows:

3   MGM is willing to meet and confer with Plaintiff after the Scheduling
4   Conference set for March 12, 2021, to determine if this Request can be properly
5   defined, modified, and limited so that it is confined to a relevant, reasonable, and
6   identifiable collection of materials.

7   **REQUEST FOR PRODUCTION NO. 10:**

8   All Documents concerning MGM self-publishing any of the Pictures.

9   **RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:**

10   MGM restates and incorporates by reference its General Response and General
11   Objections as though fully set forth herein.  MGM further objects that the term "self-
12   publishing" render the Request vague, ambiguous, overbroad, and unduly burdensome.
13   MGM further objects to this Request on the grounds that it lacks foundation and assumes
14   as true characterizations, definitions, arguments, allegations, assertions or assumptions
15   that are disputed or erroneous, including the assertion that MGM self-published any
16   Picture.  MGM further objects to this Request on the grounds that it seeks information
17   and documents that are not relevant to the subject matter of this litigation, is
18   disproportionate to the needs of the case, imposes burdens and expenses that outweigh
19   their likely benefit, or is otherwise outside the proper scope of discovery.  Among other
20   things, the Library Agreements cover hundreds of Pictures as to which there is no dispute
21   at all.  As such, documents concerning any Picture for which Plaintiff does not allege
22   any copyright infringement or breach of contract are wholly irrelevant to this lawsuit.
23   Moreover, even with respect to Pictures in dispute in this case, any information or
24   documents concerning any time period, media, territories, or languages in which Starz
25   did not have any rights have no relevance whatsoever to this lawsuit.  Further, a Request
26   for "All Documents" concerning such irrelevant topics is facially overbroad and
27   disproportionate.  MGM further objects to this Request on the grounds that it is not
28   particularized and not reasonably calculated to lead to the discovery of admissible

evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties and third-parties.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents related to any investigation by MGM concerning any actual or alleged breach or violation of the Library Agreements or of STARZ's exclusive rights in the Pictures.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms "related

to any investigation" and "violation" render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous, including assertion that Starz had any exclusive rights and that MGM actually or allegedly breached or violated the Library Agreements. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, the Library Agreements cover hundreds of Pictures as to which there is no dispute at all. As such, documents concerning any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit. Moreover, any purported breach or violation of the Library Agreement that is not alleged in the Complaint is not relevant to any claims or defenses in this action. Further, MGM's investigation is not probative of any issues in dispute in this case. Additionally, a Request for "All Documents" concerning any purported investigation is facially overbroad and disproportionate. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually agreed-upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning MGM's actual or alleged breach or violation of any Person's rights of exclusivity in one or more motion pictures or television episodes licensed by MGM, including all Documents concerning actual or potential claims other Persons have made against MGM for breaches of exclusivity from January 2013 through the present.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms and phrases "violation," "rights of exclusivity," "one or more motion pictures or television episodes licensed by MGM," "breaches of exclusivity," and "actual or potential claims," render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to the Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions or assumptions that are erroneous. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant. Moreover, MGM's actual or alleged breach or violation of any Person's rights other than as alleged in the Complaint is not relevant to any claims or defenses in this action. Further, a Request for "All Documents" concerning such irrelevant topics is facially overbroad and disproportionate. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer

32

in MGM's possession, custody or control and which MGM was under no obligation to maintain. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, and third-parties, including MGM's dealings with third parties that are not at issue in this lawsuit. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually agreed-upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning the value of MGM's Library, including the value of any Picture.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the phrase "concerning the value of MGM's Library" render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant. Moreover, even with respect to Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. Further, the Library Agreements themselves set

Gibson, Dunn &
Crutcher LLP

forth the value of Starz's licenses in the Picture and any information or documents concerning the value of any licenses, Pictures or MGM's Library unmoored from the terms and conditions particular to the Library Agreements are wholly irrelevant. Additionally, a Request for "All Documents" concerning such irrelevant topics is facially overbroad and disproportionate.  MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the value of films or television episodes exhibited in non-U.S. territories as compared to U.S. territories.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "value," "non-U.S. territories," and "U.S. territories," render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this

Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant. Moreover, even with respect to Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. Further, the Library Agreements themselves set forth the value of Starz's licenses in the Picture, and any information or documents concerning the value of any licenses, films, or television episodes unmoored from the terms and conditions particular to the Library Agreements are wholly irrelevant. Additionally, a Request for "All Documents" concerning such irrelevant topics is facially overbroad and disproportionate. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Gibson, Dunn &
Crutcher LLP

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning any marketing, promotion, or description of rights in MGM's Library, or any of the motion pictures or television episodes comprising MGM's Library, as exclusive.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 15:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms and phrases "marketing," "promotion," "description of rights," and "exclusive," render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant. Moreover, even with respect to Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. Further, a Request for "All Documents" concerning such irrelevant topics is facially overbroad and disproportionate. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it seeks

Gibson, Dunn &
Crutcher LLP

1  confidential, proprietary, private, or commercially or competitively sensitive
2  information or documents belonging to MGM.  MGM further objects to this Request on
3  the grounds that it purports to require MGM to search for and produce information or
4  documents in the absence of a protective order and/or a reasonable and mutually
5  agreeable document production protocol, including a mutually-agreed upon search
6  methodology, list of custodians, and/or list of search terms to apply to any ESI.

7  **REQUEST FOR PRODUCTION NO. 16:**

8      All Communications and Documents concerning Communications by MGM
9  concerning the value of its licenses or the Pictures.

10  **RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:**

11      MGM restates and incorporates by reference its General Response and General
12  Objections as though fully set forth herein.  MGM further objects that the terms and
13  phrases "value" and "its licenses" render the Request vague, ambiguous, overbroad,
14  and unduly burdensome.  MGM further objects to this Request on the grounds that it
15  seeks information and documents that are not relevant to the subject matter of this
16  litigation, is disproportionate to the needs of the case, imposes burdens and expenses
17  that outweigh their likely benefit, or is otherwise outside the proper scope of discovery.
18  Among other things, information or documents that do not concern any of the Pictures
19  in dispute in this case are wholly irrelevant.  Moreover, even with respect to Pictures in
20  dispute in this case, any information or documents concerning any time period, media,
21  territories, or languages in which Starz did not have any rights have no relevance
22  whatsoever to this lawsuit.  Further, the Library Agreements themselves set forth the
23  value of Starz's licenses in the Picture, and any information or documents concerning
24  the value of any licenses or Pictures unmoored from the terms and conditions particular
25  to the Library Agreements are wholly irrelevant.  Additionally, a Request for "All
26  Documents" concerning such irrelevant topics is facially overbroad and
27  disproportionate.  MGM further objects to this Request on the grounds that it is not
28  particularized and not reasonably calculated to lead to the discovery of admissible

evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually agreed search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the value of exclusivity in the licensing of motion pictures or television episodes.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 17:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "value" and "exclusivity" render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous, including Plaintiff's allegations that it had "exclusivity" in any Picture licensed by MGM to Starz. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit,

or is otherwise outside the proper scope of discovery.  Among other things, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant.  Moreover, even with respect to Pictures in dispute in this case, any information, or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit.  Further, the Library Agreements themselves set forth the value of Starz's licenses in the Picture, and any information or documents concerning the value of any licenses or purported "exclusivity" unmoored from the terms and conditions particular to the Library Agreements are wholly irrelevant.  Additionally, a Request for "All Documents" concerning such irrelevant topics is facially overbroad and disproportionate.  MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show MGM's aggregate licensing revenue from all motion pictures and television episodes during the relevant time period on a month-by-month basis.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 18:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms and phrases "licensing revenue" and "the relevant time period" render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, MGM owns and distributes thousands of motion pictures and television episodes, the vast majority of which have no relevance whatsoever to this lawsuit. As such, documents concerning any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit. Moreover, even with respect to Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. Further, MGM's revenues derived from any Picture in dispute outside of the three years preceding this lawsuit are not relevant. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain. MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or

40

1  commercially or competitively sensitive information or documents belonging to MGM,
2  nonparties and third-parties, including terms of license agreements that MGM is required
3  to refrain from disclosing.  MGM further objects to this Request on the grounds that it
4  purports to require MGM to search for and produce information or documents in the
5  absence of a protective order and/or a reasonable and mutually agreeable document
6  production protocol, including a mutually-agreed upon search methodology, list of
7  custodians, and/or list of search terms to apply to any ESI.

8  **REQUEST FOR PRODUCTION NO. 19:**

9      All Communications with Distributors and Platforms concerning STARZ or
10 any of the Pictures.

11 **RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 19:**

12      MGM restates and incorporates by reference its General Response and General
13 Objections as though fully set forth herein.  MGM further objects that the terms and
14 phrases "Distributors," "Platforms," "concerning STARZ," and "any of the Pictures"
15 render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM
16 further objects to this Request on the grounds that it seeks information and documents
17 that are not relevant to the subject matter of this litigation, is disproportionate to the
18 needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is
19 otherwise outside the proper scope of discovery.  Among other things, information or
20 documents that do not concern any of the Pictures in dispute in this case are wholly
21 irrelevant, including Pictures for which Plaintiff does not allege any infringement or
22 breach of contract.  Moreover, even with respect to Pictures in dispute in this case, any
23 information or documents that do not concern the subject matter of the lawsuit are not
24 relevant, including information or documents concerning any time period, media,
25 territories, or languages in which Starz did not have any rights.  Further, there are
26 numerous subject matters related to Starz that are not related to this lawsuit in any way.
27 Additionally, a Request for "All Communications" concerning such irrelevant topics is
28 facially overbroad and disproportionate.  MGM further objects to this Request on the

Gibson, Dunn & Crutcher LLP

grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody, or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, or third parties, including any confidential discussions that MGM had with its Distributors and Platforms.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Subject to and without waiving the foregoing objections, MGM responds as follows:

MGM is willing to meet and confer with Plaintiff after the Scheduling Conference set for March 12, 2021, to determine if this Request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of materials.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications with Distributors concerning Epix or MGM having exclusive content.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 20:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "Distributors," "concerning Epix," and "MGM having exclusive content" render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM

Gibson, Dunn & Crutcher LLP

1    further objects to this Request on the grounds that it seeks information and documents
2    that are not relevant to the subject matter of this litigation, is disproportionate to the
3    needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is
4    otherwise outside the proper scope of discovery.  Among other things, information or
5    documents concerning "Epix or MGM having exclusive content" that are not tethered
6    to any specific allegations in this case are irrelevant, overly broad, unduly
7    burdensome, and disproportionate to the needs of this case.  Moreover, a Request for
8    "All Communications" concerning such irrelevant topics is facially overbroad and
9    disproportionate.  MGM further objects to this Request on the grounds that it is not
10   particularized and not reasonably calculated to lead to the discovery of admissible
11   evidence.  MGM further objects to this Request on the grounds and to the extent it seeks
12   information and documents that are not in MGM's possession, custody, or control; not
13   obtainable at this time after reasonable investigation and diligent inquiry; not reasonably
14   accessible to MGM; or are no longer in MGM's possession, custody, or control and
15   which MGM was under no obligation to maintain.  MGM further objects to this Request
16   on the grounds that it seeks confidential, proprietary, private, or commercially or
17   competitively sensitive information or documents belonging to MGM, nonparties, or
18   third parties, including any confidential discussions that MGM had with its Distributors.
19   MGM further objects to this Request on the grounds that it purports to require MGM to
20   search for and produce information or documents in the absence of a protective order
21   and/or a reasonable and mutually agreeable document production protocol, including a
22   mutually-agreed upon search methodology, list of custodians, and/or list of search terms
23   to apply to any ESI.
24   **REQUEST FOR PRODUCTION NO. 21:**
25       All Communications with MVPDs concerning Epix as a replacement for Starz,
26   the value of Epix and/or comparing Epix to Starz.
27   **RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 21:**
28       MGM restates and incorporates by reference its General Response and General

Objections as though fully set forth herein.  MGM further objects that the terms and phrases "MVPDs," "Epix as a replacement for Starz," "value of Epix," and "comparing Epix to Starz," render the Request vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery.  Among other things, information or documents concerning "Epix as a replacement for Starz" and "the value of Epix and/or comparing Epix to Starz" that are not tethered to any specific allegations in this case are irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.   Moreover, a Request for "All Communications" concerning such irrelevant topics is facially overbroad and disproportionate.  MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, nonparties, or third parties, including any confidential discussions that MGM had with its Distributors.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show the revenues earned by Epix from distribution agreements with Comcast, AT&T/DIRECTV, DISH and Charter on a month-by-month basis.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 22:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the term "revenues earned by Epix from distribution agreements" render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, Epix is a nonparty to this lawsuit and Starz has not asserted any claims against Epix. Any revenue Epix earned from any source is not relevant to any claims or defenses in this case. Moreover, information or documents concerning Epix that are not tethered to any specific allegations in this case are irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. Further, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant. Additionally, even with respect to the Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or in the possession, custody, or control of nonparty Epix. MGM further objects to this Request on the grounds that it seeks confidential,

proprietary, private, or commercially or competitively sensitive information or documents belonging to nonparties, including Epix's revenue. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the number of new subscribers Epix gained through the inclusion of the Epix pay television service in Comcast's cable packages and bundles.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 23:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous, including Plaintiff's allegations that any purported infringement or breach of contract by MGM had any bearing on Epix's deal with Comcast and that the inclusion of Epix pay television in Comcast's cable packages had any bearing on the number of subscribers Epix gained on its platform. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, Epix is a nonparty to this lawsuit and Starz has not asserted any claims against Epix. Any new subscribers Epix gained is not relevant to any claims or defenses in this case. Moreover, information or documents concerning Epix that are not tethered to any specific allegations in this case are irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. Further, information or documents that do not concern any of the Pictures in dispute in this case are wholly

Gibson, Dunn & Crutcher LLP

irrelevant.  Additionally, even with respect to the Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.  MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or in the possession, custody, or control of nonparty Epix.  MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to nonparties, including Epix's subscribers.  MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the claims and any of Your defenses in this Action.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 24:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate.  A request seeking "All Documents and Communications" is facially overbroad, unduly burdensome, and disproportional to the needs of this case.  MGM further objects to this Request on the grounds that it seeks information or documents that are premature or not reasonably available to MGM at this time, including information or documents that are the subject of expert testimony, which will be provided in accordance with the

discovery schedule set by the Court, and/or information or documents concerning MGM's contention with respect to any issue, which is more appropriately answered at or near the close of discovery. Moreover, Plaintiff has not provided any information concerning the infringements or the breaches that it alleges in the Complaint, including when such infringements or breaches purportedly occurred, what media they occurred on, and the identity of the third party exhibitor that allegedly exhibited any Picture licensed to Starz during Starz's license period. Plaintiff should provide such information referenced in its Complaint before purporting to require MGM to provide any contentions concerning its claims and MGM's defenses thereto. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or in the possession, custody, or control of Plaintiff. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians and/or search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show all insurance policies, indemnification agreements or hold harmless agreements that may provide coverage for Defendant for all or part of any potential liability arising from the claims alleged in this Action.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 25:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms "hold harmless agreements" and "may provide coverage for Defendant" render the Request

vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to this Request on the grounds that it is not relevant to any claims or defenses in this action.

Dated: February 9, 2021                    **GIBSON, DUNN & CRUTCHER LLP**


By:   /s/ Jay P. Srinivasan
          Jay P. Srinivasan

Attorneys for Defendant MGM DOMESTIC TELEVISION DISTRIBUTION LLC

Gibson, Dunn & Crutcher LLP

49