# PLAINTIFF'S EXHIBIT 3

1  JAY P. SRINIVASAN, SBN 181471
     jsrinivasan@gibsondunn.com
2  MINAE YU, SBN 268814
     myu@gibsondunn.com
3  JONATHAN N. SOLEIMANI, SBN 295673
     jsoleimani@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
6  Facsimile:   213.229.7520

7  ORIN SNYDER (*pro hac vice*)
     osnyder@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
9  New York, NY  10166-0193
   Telephone:  212.351.4000
10 Facsimile:   212.351.4035

11
12 Attorneys for Defendant MGM DOMESTIC
   TELEVISION DISTRIBUTION LLC

13
14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                   WESTERN DIVISION

17 STARZ ENTERTAINMENT, LLC,          CASE NO. 2:20-cv-04085-DMG-KS

18              Plaintiff,            **DEFENDANT MGM DOMESTIC
                                      TELEVISION DISTRIBUTION LLC'S**
19        v.                          **OBJECTIONS AND RESPONSES TO
                                      PLAINTIFF'S SECOND SET OF**
20 MGM DOMESTIC TELEVISION            **REQUESTS FOR PRODUCTION OF
   DISTRIBUTION LLC,                  DOCUMENTS**
21
              Defendant.
22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34 of the Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court, Defendant MGM Domestic Television Distribution LLC ("MGM"), by and through its undersigned counsel, hereby objects and responds to Plaintiff's Second Set of Requests for Production of Documents (the "Requests," and each a "Request").

## GENERAL RESPONSE

Plaintiff's Requests are premature.  The Court has scheduled the initial scheduling conference in this case for March 12, 2021.  As the Court previously held, discovery prior to the scheduling conference is permitted only to the extent mutually agreed by the parties. *Palmer v. Cognizant Tech. Sols. Corp.*, 2019 WL 9359775, at *1 (C.D. Cal. Feb. 4, 2019) (holding that discovery "may not proceed prior to the Scheduling Conference" where "there is no mutual agreement"); *Limbu v. UST Glob., Inc.*, 2017 WL 8186674, at *7 (C.D. Cal. Apr. 20, 2017) (holding that if "the parties cannot mutually agree to engage in discovery before the Scheduling Conference, then they must await the Scheduling Conference and/or the issuance of the Court's Scheduling and Case Management Order.").  MGM has not agreed to engage in discovery prior to the status conference and in particular, objects to the overly broad, unduly burdensome and disproportional scope of discovery propounded by Plaintiff.  Moreover, MGM has filed a motion for certification of the Court's order denying MGM's motion to dismiss pursuant to 28 U.S.C. § 1292(b) (Dkt. 40) and motion for stay (Dkt. 41), the resolution of which may stay all proceedings in this case pending disposition of the interlocutory appeal.  Although MGM objects and responds to Plaintiff's improper and premature Requests, MGM's objections and responses are not and shall not be construed as an agreement to engage in discovery prior to the Court's scheduling conference.  MGM reserves all rights to challenge Plaintiff's Requests on all grounds, including that they are premature and not permitted at this time.

MGM's responses to the Requests ("Responses") are made solely for the purpose

of, and in relation to, the above-captioned action.   These Responses are based on information and documents presently known and available to MGM following a reasonably diligent and good-faith investigation.  MGM's discovery, investigation, and preparation for trial are continuing as of the date of these Responses.  Accordingly, without in any way obligating MGM to do so, these Responses are subject to clarification, modification, or amendment as additional facts are ascertained, analysis is made, or legal research is completed.

By responding that it will produce documents, MGM does not represent that such documents in fact exist, but rather only that a reasonable, good faith search for such documents will be or has been made and, to the extent that responsive, non-privileged documents exist and the production of such documents is not otherwise objectionable, that those documents will be produced, subsequent to the execution of a mutually agreeable confidentiality agreement and document production protocol and the Court's approval of the same.

MGM's Responses herein are not intended to be, nor do they in fact constitute, waiver of any rights, and MGM hereby expressly reserves the following:

1.      The right to object to the Requests in their entirety as being untimely and premature;

2.      The right to supplement or amend these Responses should future discovery and investigation indicate that such supplementation or amendment is necessary;

3.      The right to make any use of, or to introduce at any hearing and at trial, information or documents responsive to these Requests but discovered subsequent to the date of these Responses, including, but not limited to, any such information or documents obtained in discovery;

4.      The right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests; and

5.     The right to object to the admissibility any document or thing produced pursuant to these Requests on grounds of authenticity, foundation, relevance, materiality, privilege, or admissibility in any subsequent proceeding in, or trial of, this or any other action.

**GENERAL OBJECTIONS**

MGM objects generally to the Requests, Instructions and Definitions contained therein on the grounds set forth below.  MGM's General Responses and General Objections shall be deemed incorporated into each of the Specific Objections and Responses that follow, whether or not expressly referenced therein.  The absence of any reiteration of MGM's General Response and General Objection in a Specific Response is neither intended to be, nor shall be construed as, a limitation or a waiver of any General Objection made herein.  Moreover, the inclusion of a Specific Objection in a particular Response is neither intended to be, nor shall be construed as, a limitation or waiver of a General Objection or any other Specific Objection.

1.     MGM objects to each and every Request on the grounds that they are premature.  The Court has not yet held the initial scheduling conference in this case and there is no agreement between the parties to engage in any discovery prior to the conference.  Moreover, no confidentiality agreement and/or document production protocol have been executed by the Parties and/or approved by the Court, which must occur before any information or document may be produced.   MGM further objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are not reasonably available to MGM at this time, including information or documents that are the subject of expert testimony, which will be provided in accordance with the discovery schedule set by the Court or information or documents concerning MGM's contention with respect to any issue, which is more appropriately answered at or near the close of discovery.  Moreover, Plaintiff has not provided any information concerning the infringements or the breaches that it alleges in the Complaint, including when such infringements or breaches purportedly occurred,

what media they occurred on and the identity of third party exhibitor that allegedly exhibited any Picture licensed to Starz during Starz's license period.  Plaintiff should provide such information referenced in its Complaint before purporting to require MGM to provide any contentions concerning its allegations.

2.      MGM objects to each and every Request, Instruction, and Definition to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.

3.      MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are not relevant to any party's claim or defense, are not proportional to the needs of the case, impose burden and expenses that outweigh their likely benefit, and are otherwise outside the proper scope of discovery.

4.      MGM objects to each and every Request, Instruction, and Definition to the extent that they are not particularized and not reasonably calculated to lead to the discovery of admissible evidence.

5.      MGM objects to each and every Request, Instruction, and Definition to the extent that they are vague, ambiguous, imprecise, unclear, or otherwise unintelligible. MGM will respond to the Request based on its understanding and interpretation, to the extent possible.  If Plaintiff subsequently asserts any interpretation of any Request or Definition that differs from that of MGM, MGM reserves the right to further supplement its objections and responses.

6.      MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.

7.      MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents from or about entities affiliated with

Gibson, Dunn & Crutcher LLP

MGM that are not parties to this litigation.  By responding to any such Request, MGM is in no way admitting that any nonparty is related to this action, nor is MGM waiving the right of any nonparty entity to object to such Request.

8.      MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents already in the possession, custody or control of Plaintiff or available to Plaintiff from another source that is more convenient, less burdensome, less expensive or equally accessible to Plaintiff.

9.      MGM objects to each and every Request, Instruction, and Definition to the extent that they are unreasonably cumulative of information sought through other discovery requests or call for information that is better suited for other forms of discovery requests.

10.     MGM objects to each and every Request, Instruction, and Definition to the extent that they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection.  MGM further objects to each and every Request, Instruction, and Definition to the extent they require the subjective judgment on the part of MGM and its attorneys or the disclosure of a conclusion or opinion of counsel to respond.   Privileged or otherwise protected information or documents shall not be provided in response to Plaintiff's Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such information or documents, or their subject matter.  Any privileged or otherwise protected information or documents that are inadvertently produced or disclosed shall be immediately returned to MGM, with all copies within Plaintiff's possession, custody, or control destroyed without further distribution.

11.     MGM objects to each and every Request, Instruction, and Definition to the extent that they seek confidential business information, proprietary information, commercially or competitively sensitive information, or personal information belonging to MGM, nonparties or third-parties (including MGM's affiliates, employees, customers,

or business partners) and/or information or documents that MGM is obligated to refrain from disclosing pursuant to any statute, court order, contract, agreement, or other restrictions. To the extent that MGM agrees to provide such information or documents, it is subject to MGM's compliance with any notice and/or other obligations to third parties in advance of the disclosure.

12.    MGM objects to each and every Request, Instruction, and Definition to the extent that they seek discovery from any parent, subsidiary, or affiliate of MGM. MGM is the only party named in this lawsuit and no claims of any kind have been asserted against MGM's parent, subsidiaries, or affiliates. MGM will respond on behalf of itself only and not on behalf of any parent, subsidiary or affiliate.

13.    MGM objects to each and every Request, Instruction, and Definition to the extent that they lack foundation or assume as true characterizations, definitions, arguments, allegations, assertions or assumptions that are disputed or erroneous. By responding and objecting to the Requests, MGM does not admit the correctness of such assertions. Nothing contained in or absent from MGM's Responses or Objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, arguments, allegations, assertions or assumptions are correct or accurate.

14.    MGM objects to each and every Request, Instruction, and Definition to the extent that they purport to require MGM to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

15.    MGM objects to each and every Request, Instruction, and Definition to the extent that they purport to require preservation, search, and/or production of electronically stored information ("ESI") that is not stored on active systems, but is stored on systems, backup tapes, disaster recovery tapes, disaster recovery systems, and other media that are no longer part of normal business operations, or ESI that is transient in

nature such as RAM, cookies, or data on dynamic databases.  Such ESI is not reasonably accessible because of the undue burden and cost associated with recovering ESI from such sources.  *See* Fed. R. Civ. P. 26(b)(2)(B).

16.    MGM objects to Instruction No. 6 to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM will respond to the Requests based on its understanding and interpretation, to the extent possible.  If a Request is so vague, ambiguous, imprecise, unclear, or otherwise unintelligible as to preclude a response, MGM will not respond.

17.    MGM objects to Instruction No. 8 on the grounds that it purports to require MGM to produce information or documents relating to events and/or transactions occurring outside of the time period relevant to this litigation.  Specification of a time period covered by MGM's Responses is neither intended to be, nor shall be construed as, an admission by MGM that the time period specified is in fact relevant to this litigation.

18.    MGM objects to Instruction No. 9 to the extent that it purports to require MGM to disclose information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of the right of privacy of MGM or any other entities.  MGM further objects to Instruction No. 9 on the grounds that the phrase "other Persons acting or purporting to act on Your behalf" renders the instruction vague, ambiguous, overly broad, unduly burdensome and disproportional.  MGM further objects to Instruction No. 9 to the extent it purports to impose an obligation on MGM to conduct anything beyond a reasonable and diligent search of locations where responsive documents reasonably would be expected to be found.  When MGM agrees to produce documents in response to a Request, such a response does not constitute a representation that such documents in fact exist or that MGM will search all information

or documents maintained by any and all persons, but rather only that a reasonable, good faith search for such documents will be or has been made and, to the extent that responsive, non-privileged documents exist and the production of such documents is not otherwise objectionable, that those documents will be produced, subsequent to the execution of a mutually agreeable confidentiality agreement and document production protocol, and the Court's approval of the same.  Any Requests that purports to require MGM to go beyond such a search are overbroad and unduly burdensome.

19.    MGM objects to Instruction No. 10 to the extent that it purports to require MGM to disclose information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of the right of privacy of MGM or any other entities.

20.    MGM objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  There is no bases to presume that undated documents are from a particular time period.

21.    MGM objects to Instruction No. 13 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM further objects to Instruction No. 13 to the extent it purports to require MGM to produce information or documents in the absence of a reasonable and mutually agreeable document production protocol and/or in a manner different from or inconsistent with any document production protocol to be mutually agreed to by the parties and approved by the Court.  MGM further objects to Instruction No. 13 to the extent it purports to require MGM to disclose information or documents that are protected by the attorney-client privilege, the work product doctrine, Federal

Gibson, Dunn &
Crutcher LLP

8

Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of right of privacy of MGM or any other entities.

22.    MGM objects to Instruction No. 14 to the extent that Plaintiff purports to reserve rights that it does not have under the Federal Rules of Civil Procedure, Local Rules, an all applicable rules and orders of this Court.

23.    MGM objects to Instructions No. 16 and 17 to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.  MGM will only provide information that it is required to provide under Rule 26(b)(5)(A)(ii).

24.    MGM objects to Plaintiff's definitions and use of certain terms as follows. The absence from the following list of a particular term is neither intended to be, nor shall be construed as, MGM's waiver of any objection to Plaintiff's definition or use of such term.  MGM will respond to each and every Request based on its understanding of the terms used therein.  To the extent that MGM adopts any term defined by Plaintiffs, it is solely for the purpose of responding to the Requests.  MGM does not accept or concede that any of the terms or definitions contained in the Requests is appropriate, legally sufficient, descriptive, or accurate.  Moreover, MGM objects to Plaintiff's Definitions to the extent they purport to define terms or phrases that are not used in any of Plaintiff's Requests as superfluous.

a.    MGM objects to Plaintiff's purported definition of the term "Affiliate" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, Plaintiff's definition purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" of another entity, directly or indirectly.  In responding to these Requests, MGM will construe the term Affiliate to mean and refer to a parent corporation, a subsidiary corporation or sibling corporations with a common owner

1 that owns at least 50% of the shares of each corporation.

2   b. MGM objects to Plaintiff's purported definition of the term "Amazon" on

3 the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.

4 Among other things, the definition purports to require MGM to determine the

5 corporate, ownership, and/or governing structure of third parties and entities that

6 MGM does not have knowledge of and/or are not parties to this case and to perform

7 legal analysis concerning whether the requisite level of control exists among third

8 party entities.  In responding to these Requests, MGM will construe the term

9 Amazon to mean and refer solely to Amazon.com, Inc.

10   c. MGM objects to Plaintiff's purported definition of the term

11 "AT&T/DIRECTV" on the grounds that it is vague, ambiguous, overbroad, and

12 unduly burdensome.  Among other things, the definition purports to require MGM

13 to determine the corporate, ownership, and/or governing structure of third parties

14 and entities that MGM does not have knowledge of and/or are not parties to this

15 case and to perform legal analysis concerning whether the requisite level of control

16 exists among third party entities.  In responding to these Requests, MGM will

17 construe the term "AT&T/DIRECTV" to mean and refer solely to AT&T Inc.

18 and/or DIRECTV, Inc.

19   d. MGM objects to Plaintiff's purported definition of the term "Charter" on the

20 grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among

21 other things, the definition purports to require MGM to determine the corporate,

22 ownership, and/or governing structure of third parties and entities that MGM does

23 not have knowledge of and/or are not parties to this case and to perform legal

24 analysis concerning whether the requisite level of control exists among third party

25 entities.  In responding to these Requests, MGM will construe the term "Charter"

26 to mean and refer solely to Charter Communications, Inc.

27   e. MGM objects to Plaintiff's purported definition of the term "Comcast" on

28 the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.

Among other things, the definition purports to require MGM to determine the corporate, ownership, and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities. In responding to these Requests, MGM will construe the term "Comcast" to mean and refer solely to Comcast Corporation.

f.      MGM objects to Plaintiff's purported definitions of the terms "Communication," "Document," or "Documents" on the grounds and to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court. MGM further objects to these definitions to the extent they purport to require MGM to produce information or documents in the absence of a reasonable and mutually agreeable document production protocol and/or in a manner different from or inconsistent with any document production protocol to be mutually agreed to by the parties and approved by the Court. In responding to these Requests, MGM will construe the terms "Communication," "Document," or "Documents" consistent with the Federal Rules of Civil Procedure and any document production protocol to be mutually agreed to by the parties and approved by the Court.

g.      MGM objects to Plaintiff's purported definitions of the terms "concerning" and "relate(s) to" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome. In responding to these Requests, MGM will construe the terms "concerning" and "relate(s) to" using their ordinary meaning.

h.      MGM objects to Plaintiff's purported definition of the terms "Defendant," "MGM," "You," and "Yours" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome, and purports to impose a discovery obligation on persons and/or entities that are not parties to the action. MGM further objects to Plaintiff's definition on the grounds that it purports to require MGM to perform

legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" with MGM, directly or indirectly.  In responding to these Requests, MGM will construe the terms "Defendant", "MGM", "You" and "Yours" to mean and refer solely to MGM Domestic Television Distribution LLC.

i.       MGM objects to Plaintiff's purported definition of the term "DISH" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, the definition purports to require MGM to determine the corporate, ownership, and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities.  In responding to these Requests, MGM will construe the term "DISH" to mean and refer solely to DISH Network Corporation.

j.       MGM objects to the term "Distributor" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, the definition purports to require MGM to know the identities of every "corporation, limited liability company, partnership, firm, association or other organization that distributes or exhibits television content, including but not limited to MVPDs."  In responding to these Requests, MGM will construe the term "Distributor" to mean and refer solely to distributors with whom MGM has business dealings that are relevant to the subject matter of this litigation.

k.       MGM objects to Plaintiff's purported definition of the term "Epix" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  MGM further objects to Plaintiff's definition on the grounds that it purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" with Epix Entertainment LLC, directly or indirectly.  In responding to these Requests, MGM will construe the term "Epix" to mean and refer solely to Epix Entertainment LLC.

l.       MGM objects to Plaintiff's purported definition of the term "exclusivity" on

12

Gibson, Dunn & Crutcher LLP

the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this definition to the extent that it purports to assert a legal conclusion or legal admission about any limited rights that any licensee may have in any pictures that MGM owns or distributes.  MGM further objects to this definition as it renders the Requests in which the term is used nonsensical.  MGM further objects to this definition to the extent that it assumes that MGM has granted any entity "the sole rights to exhibit, distribute, display or otherwise use certain films or television episodes for a specific length of time."  MGM further objects to this definition to the extent it assumes that the limited rights that any licensee may have in any pictures that MGM owns or distributes have uniform definition and/or scope.  MGM further objects to this definition to the extent it requires MGM to review and analyze every contract with its licensee to determine whether any rights or contract falls within Plaintiff's definition.  In responding to these Requests, MGM will construe the term "exclusivity" using its ordinary definition, to the extent Plaintiff's use of the word in its specific Requests does not preclude an intelligible response.

m.     MGM objects to Plaintiff's purported definition of the term "MGM's Library" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, MGM does not understand what Plaintiff means by "capable of licensing to other Persons."  MGM further objects to this definition on the grounds and to the extent Plaintiff's use of the term in the Request purports to require MGM to produce any information or documents concerning content that is not relevant to this action.  In responding to these Requests, MGM will construe the term "MGM's Library" to mean and refer to content that MGM owns or distributes.

n.     MGM objects to Plaintiff's purported definition of the term "MVPD" on the grounds and to the extent it purports to assert a legal conclusion or legal admission about the classification of any third parties.  In responding to these Requests, MGM

13

will construe the term "MVPD" to mean and refer to Multichannel Video Programming Distributors.

o.    MGM objects to Plaintiff's purported definition of the term "Plaintiff" and "Starz" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, MGM does not know the identity of all of Starz's "consultants, advisors, representatives, agents, attorneys, accountants, employees and all Persons acting or purporting to act on behalf of any of the foregoing."  In responding to these Requests, MGM will construe the term "Plaintiff" or "Starz" to mean and refer solely to Starz Entertainment LLC.

p.    MGM objects to Plaintiff's purported definition of the term "Person" or "Persons" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, MGM does not know the identity of all of the "directors, officers, agents and employees" of the "corporation, limited liability company, partnership, firm, association, government agency or other organization recognizable at law" to which Plaintiff may be referring.  In responding to these Requests, MGM will construe the term "Person" or "Persons" to mean or refer to any individual, corporation, limited liability company, partnership, firm, association, government agency or other organization recognizable at law.

q.    MGM objects to Plaintiff's purported definition of the terms "Platform" or "Platforms" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, the definition purports to require MGM to know the identities of every "corporation, limited liability company, partnership, firm, association or other organization that provides a service that allows, enables or makes available the exhibition or distribution of films and/or television episodes, including but not limited to pay television networks, SVOD, AVOD and TVOD." In responding to these Interrogatories, MGM will construe the term "Platform" or "Platforms" mean and refer solely to platform(s) with whom MGM has business dealings that are relevant to the subject matter of this litigation.

14

r.     MGM objects to Plaintiff's purported definition of the terms "Rights Tracking System" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Among other things, "any other process or procedure used by MGM" is vague and ambiguous.  In responding to these Interrogatories, MGM will construe the term "Rights Tracking System" to mean and refer to a system, database, tracking program or other software program used by MGM to record, monitor or track licenses and/or holdbacks.

s.     MGM objects to Plaintiff's purported definition of the terms "SVOD," "AVOD," and "TVOD" to the extent the definition differs from those contained in the "Library Agreements."  In responding to these Requests, MGM will construe any terms used in the Library Agreements in accordance with the Library Agreements.

t.     MGM objects to Plaintiff's purported definition of the terms "value" or "valuation" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  In responding to these Requests, MGM will construe the terms "value" and "valuation" in accordance with their ordinary definition.

u.     MGM objects to Plaintiff's instruction that "Other terms not defined herein and used in the Complaint shall have the same meaning as within the Complaint." MGM will construe words using their ordinary meaning unless MGM has specified a definition different from their ordinary meaning.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications created after July 1, 2018 concerning the potential sale of MGM Holdings Inc. that also refer or relate to the value or any valuation of MGM's Library, including without limitation any Picture, or any actual or prospective pay television, SVOD, AVOD or TVOD license agreement.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 26:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms "refer," "relate to," "value," "any valuation of MGM's Library," "actual," "prospective," and "license agreement" render the Request vague, ambiguous, overly broad, and unduly burdensome. MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, documents and communications concerning any purported potential sale of MGM Holdings Inc. have no relevance whatsoever to any issues in dispute in this case. Moreover, information or documents that do not concern any of the Pictures in dispute in this case are wholly irrelevant. Further, even with respect to Pictures in dispute in this case, any information or documents concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance to this lawsuit. Additionally, the Library Agreements themselves set forth the value of Starz's licenses in the Picture and any information or documents concerning the value of any "actual or prospective" licenses, Pictures, or MGM's Library, unmoored from the terms and conditions particular to the Library Agreements, are wholly irrelevant. A Request for "All Documents and Communications" concerning such irrelevant topics is facially overbroad, unduly burdensome, disproportionate to the needs of this case and harassing. MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence. MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after

Gibson, Dunn & Crutcher LLP

reasonable investigation and diligent inquiry; or not reasonably accessible to MGM. MGM further objects to this Request on the grounds that it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4). MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM and nonparties, including nonparty MGM Holdings Inc. MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning any changes to your Rights Tracking Systems, including the implementation of a new Rights Tracking System.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 27:**

MGM restates and incorporates by reference its General Response, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. MGM further objects to this Request on the grounds that the terms "any changes," "implementation," and "a new Rights Tracking System" render the Request vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Request on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions, or assumptions that are disputed or erroneous. MGM further objects to this Request on the grounds that it seeks information and documents that are not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit, or is otherwise outside the proper scope of discovery. Among other things, documents and communications concerning "any changes" to MGM's Rights Tracking Systems that have no relevance to any purported infringement of any of

Plaintiff's rights or breach of the Library Agreements as alleged in the Complaint have no relevance whatsoever to this lawsuit.   Moreover, a Request for "All Documents and Communications" concerning such broad topic, is facially overbroad and disproportionate.   The burden and expense of searching for and producing "All Documents and Communications" concerning "any changes" MGM may have made to its Rights Tracking Systems, including any minor updates to the system or routine entry of information to the system that could conceivably qualify as a "change" to the system, over a period spanning more than eight years far outweighs any likely benefit that may be obtained from such documents.   MGM further objects to this Request on the grounds that it is not particularized and not reasonably calculated to lead to the discovery of admissible evidence.   MGM further objects to this Request on the grounds and to the extent it seeks information and documents that are not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or are no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.   MGM further objects to this Request insofar as it calls for information or documents that are protected by the attorney-client privilege, the work product doctrine, and Federal Rules of Civil Procedure 26(b)(3) & (4).   MGM further objects to this Request on the grounds that it seeks confidential, proprietary, private, or commercially or competitively sensitive information or documents belonging to MGM, including its business practices or process.   MGM further objects to this Request on the grounds that it purports to require MGM to search for and produce information or documents in the absence of a protective order and/or a reasonable and mutually agreeable document production protocol, including a mutually-agreed upon search methodology, list of custodians, and/or list of search terms to apply to any ESI.

Gibson, Dunn &
Crutcher LLP

18

1

Dated: February 16, 2021

**GIBSON, DUNN & CRUTCHER LLP**

2

3

By:   /s/ Jay P. Srinivasan
        Jay P. Srinivasan

4

Attorneys for Defendant MGM DOMESTIC
TELEVISION DISTRIBUTION LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28