# PLAINTIFF'S EXHIBIT 4

JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
MINAE YU, SBN 268814
  myu@gibsondunn.com
JONATHAN N. SOLEIMANI, SBN 295673
  jsoleimani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ORIN SNYDER (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Defendant MGM DOMESTIC TELEVISION DISTRIBUTION LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STARZ ENTERTAINMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MGM DOMESTIC TELEVISION DISTRIBUTION LLC,<br><br>Defendant. | CASE NO. 2:20-cv-04085-DMG-KS<br><br>**DEFENDANT MGM DOMESTIC TELEVISION DISTRIBUTION LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33 of the Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court, Defendant MGM Domestic Television Distribution LLC ("MGM"), by and through its undersigned counsel, hereby objects and responds to Plaintiff's Second Set of Interrogatories (the "Interrogatories," and each an "Interrogatory").

**GENERAL RESPONSE**

Plaintiff's Interrogatories are premature. The Court has scheduled the initial scheduling conference in this case for March 12, 2021. As the Court previously held, discovery prior to the scheduling conference is permitted only to the extent mutually agreed by the parties. *Palmer v. Cognizant Tech. Sols. Corp.*, 2019 WL 9359775, at *1 (C.D. Cal. Feb. 4, 2019) (holding that discovery "may not proceed prior to the Scheduling Conference" where "there is no mutual agreement"); *Limbu v. UST Glob., Inc.*, 2017 WL 8186674, at *7 (C.D. Cal. Apr. 20, 2017) (holding that if "the parties cannot mutually agree to engage in discovery before the Scheduling Conference, then they must await the Scheduling Conference and/or the issuance of the Court's Scheduling and Case Management Order."). MGM has not agreed to engage in discovery prior to the status conference and in particular, objects to the overly broad, unduly burdensome and disproportional scope of discovery propounded by Plaintiff. Moreover, MGM has filed a motion for certification of the Court's order denying MGM's motion to dismiss pursuant to 28 U.S.C. § 1292(b) (Dkt. 40) and motion for stay (Dkt. 41), the resolution of which may stay all proceedings in this case pending disposition of the interlocutory appeal. Although MGM objects and responds to Plaintiff's improper and premature Interrogatories, MGM's objections and responses are not and shall not be construed as an agreement to engage in discovery prior to the Court's scheduling conference. MGM reserves all rights to challenge Plaintiff's Interrogatories on all grounds, including that they are premature and not permitted at this time.

MGM's responses to the Interrogatories ("Responses") are made solely for the

purpose of, and in relation to, the above-captioned action. These Responses are based on information presently known and available to MGM following a reasonably diligent and good-faith investigation. MGM's discovery, investigation, and preparation for trial are continuing as of the date of these Responses. Accordingly, without in any way obligating MGM to do so, these Responses are subject to clarification, modification or amendment as additional facts are ascertained, analysis is made or legal research is completed.

MGM's Responses herein are not intended to be, nor do they in fact constitute, waiver of any rights, and MGM hereby expressly reserves the following:

1. The right to object to the Interrogatories in their entirety as being untimely and premature;

2. The right to supplement or amend these Responses should future discovery and investigation indicate that such supplementation or amendment is necessary;

3. The right to make any use of, or to introduce at any hearing and at trial, information responsive to these Interrogatories but discovered subsequent to the date of these Responses, including, but not limited to, any such information obtained in discovery;

4. The right to object on any ground at any time to such other or supplemental Interrogatory as Plaintiff may at any time propound involving or relating to the subject matter of these Interrogatories; and

5. The right to object to the admissibility any information provided pursuant to these Interrogatories on grounds of relevance, materiality, privilege, or admissibility in any subsequent proceeding in, or trial of, this or any other action.

## GENERAL OBJECTIONS

MGM objects generally to the Interrogatories, Instructions and Definitions contained therein on the grounds set forth below. MGM's General Responses and General Objections shall be deemed incorporated into each of the Specific Objections and Responses that follow, whether or not expressly referenced therein. The absence of

any reiteration of MGM's General Response and General Objection in a Specific Response is neither intended to be, nor shall be construed as, a limitation or a waiver of any General Objection made herein. Moreover, the inclusion of a Specific Objection in a particular Response is neither intended to be, nor shall be construed as, a limitation or waiver of a General Objection or any other Specific Objection.

1. MGM objects to each and every Interrogatory on the grounds that they are premature. The Court has not yet held the initial scheduling conference in this case and there is no agreement between the parties to engage in any discovery prior to the conference. Moreover, no protective order has been entered by the Court, which must occur before any confidential information may be provided. MGM further objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek information that is not reasonably available to MGM at this time, including information that is the subject of expert testimony, which will be provided in accordance with the discovery schedule set by the Court or information concerning MGM's contention with respect to any issue, which is more appropriately answered at or near the close of discovery. Moreover, Plaintiff has not provided any information concerning the infringements or the breaches that it alleges in the Complaint, including when such infringements or breach purportedly occurred, what media they occurred on and the identity of the third party exhibitor that allegedly exhibited any Picture licensed to Plaintiff during Plaintiff's license period. Plaintiff should provide such information referenced in its Complaint before purporting to require MGM to provide any contentions concerning its allegations or MGM's defenses thereto.

2. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court.

3. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek information that is not relevant to any party's claim or defense,

are not proportional to the needs of the case, impose burdens and expenses that outweigh their likely benefit and/or are otherwise outside the proper scope of discovery.

4. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they are not particularized and not reasonably calculated to lead to the discovery of admissible evidence.

5. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they are vague, ambiguous, imprecise, unclear, or otherwise unintelligible. MGM will respond to the Interrogatory based on its understanding and interpretation, to the extent possible. If Plaintiff subsequently asserts any interpretation of any Interrogatory or Definition that differs from that of MGM, MGM reserve the right to further supplement its Objections and Responses.

6. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek information that is not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.

7. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek information from or about entities affiliated with MGM that are not parties to this litigation. By responding to any such Interrogatory, MGM is in no way admitting that any nonparty is related to this action, nor is MGM waiving the right of any nonparty entity to object to such Interrogatory.

8. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek information already in the possession, custody or control of Plaintiff or available to Plaintiff from another source that is more convenient, less burdensome, less expensive or equally accessible to Plaintiff.

9. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they are unreasonably cumulative of information sought through other discovery requests or call for information that is better suited for other forms of discovery

requests.

10. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek information that is protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection. MGM further objects to each and every Interrogatory, Instruction, and Definition to the extent they require the subjective judgment on the part of MGM and its attorneys or the disclosure of a conclusion or opinion of counsel to respond. Privileged or otherwise protected information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such information, or it subject matter.

11. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek confidential business information, proprietary information, commercially or competitively sensitive information, or personal information belonging to MGM, nonparties or third-parties (including MGM's affiliates, employees, customers, or business partners) and/or information that MGM is obligated to refrain from disclosing pursuant to any statute, court order, contract, agreement or other restrictions. To the extent that MGM agrees to provide such information, it is subject to MGM's compliance with any notice and/or other obligations to third parties in advance of the disclosure.

12. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they seek discovery from any parent, subsidiary, or affiliate of MGM. MGM is the only party named in this lawsuit and no claims of any kind have been asserted against MGM's parent, subsidiaries, or affiliates. MGM will respond on behalf of itself only and not on behalf of any parent, subsidiary or affiliate.

13. MGM objects to each and every Interrogatory, Instruction, and Definition to the extent that they lack foundation or assumes as true characterizations, definitions, arguments, allegations, assertions or assumptions that are disputed or erroneous. By responding and objecting to the Interrogatories, MGM does not admit the correctness of

such assertions. Nothing contained in or absent from MGM's Responses or Objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, arguments, allegations, assertions or assumptions are correct or accurate.

14. MGM objects to each and every Interrogatory to the extent it contains discrete subparts or is compound, conjunctive, or disjunctive.

15. MGM objects to Instruction No. 6 to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court. MGM will respond to the Interrogatories based on its understanding and interpretation, to the extent possible. If an Interrogatory is so vague, ambiguous, imprecise, unclear, or otherwise unintelligible as to preclude a response, MGM will not respond.

16. MGM objects to Instruction No. 10 to the extent that it purports to require MGM to disclose information that is protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of right of privacy of MGM or any other entities. MGM further objects to Instruction No. 10 on the ground that the phrase "all Persons or entities acting on Your behalf or at Your direction" renders this Instruction vague, ambiguous, overly broad, unduly burdensome and disproportional. MGM further objects to Instruction No. 10 to the extent it purports to impose an obligation on MGM to conduct anything beyond a reasonable and diligent inquiry and investigation. When MGM responds to an Interrogatory, such a response does not constitute a representation that MGM has provided all information maintained by any and all persons, but rather only that a reasonable, good faith inquiry and investigation for such information has been made. Any Instruction that purports to require MGM to go beyond such an inquiry or investigation is overbroad, unduly burdensome and disproportional to the needs of this

case.

17. MGM objects to Instruction No. 11 to the extent that it purports to require MGM to disclose information that is protected by the attorney-client privilege, the work product doctrine, Federal Rules of Civil Procedure 26(b)(3) & (4) and/or any other applicable privilege, immunity, or protection and information that results in the disclosure of a conclusion or opinion of counsel or the violation of right of privacy of MGM or any other entities. MGM further objects to Instruction No. 11 on the ground that the phrase "all responsive information" renders this Instruction vague, ambiguous, overly broad, unduly burdensome and disproportional. When MGM responds to an Interrogatory, such a response does not constitute a representation that MGM has provided all information, including immaterial details, maintained by any and all persons, but rather only that a reasonable, good faith inquiry and investigation for such information has been made and responsive information has been provided. Any Instruction that purports to require MGM to go beyond such an inquiry or investigation or to provide unreasonable levels of detail is overbroad, unduly burdensome and disproportional to the needs of this case.

18. MGM objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court. MGM will only provide information that it is required to provide under Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

19. MGM objects to Plaintiff's definitions and use of certain terms as follows. The absence from the following list of a particular term is neither intended to be, nor shall be construed as, MGM's waiver of any objection to Plaintiff's definition or use of such term. MGM will respond to each and every Interrogatory based on its understanding of the terms used therein. To the extent that MGM adopts any term defined by Plaintiffs, it is solely for the purpose of responding to the Interrogatories. MGM does not accept or concede that any of the terms or definitions contained in the Interrogatories is appropriate, legally sufficient, descriptive, or accurate. Moreover, MGM objects to Plaintiff's

Definitions to the extent they purport to define terms or phrases that are not used in any of Plaintiff's Interrogatories as superfluous.

    a.    MGM objects to Plaintiff's purported definition of the term "Affiliate" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, Plaintiff's definition purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" of another entity, directly or indirectly. In responding to these Interrogatories, MGM will construe the term Affiliate to mean and refer to a parent corporation, a subsidiary corporation or sibling corporations with a common owner that owns at least 50% of the shares of each corporation.

    b.    MGM objects to Plaintiff's purported definition of the term "AT&T/DIRECTV" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to determine the corporate, ownership and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities. In responding to these Interrogatories, MGM will construe the term "AT&T/DIRECTV" to mean and refer solely to AT&T Inc. and/or DIRECTV, Inc.

    c.    MGM objects to Plaintiff's purported definition of the term "Charter" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to determine the corporate, ownership and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities. In responding to these Interrogatories, MGM will construe the term "Charter" to mean and refer solely to Charter Communications, Inc.

    d.    MGM objects to Plaintiff's purported definition of the term "Comcast" on

the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to determine the corporate, ownership and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities. In responding to these Interrogatories, MGM will construe the term "Comcast" to mean and refer solely to Comcast Corporation.

e. MGM objects to Plaintiff's purported definitions of the terms "Communication," "Document," or "Documents" on the grounds and to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court. MGM further objects to these definitions to the extent they purport to require MGM to produce information or documents in the absence of a reasonable and mutually agreeable document production protocol and/or in a manner different from or inconsistent with any document production protocol to be mutually agreed to by the parties and approved by the Court. In responding to these Requests, MGM will construe the terms "Communication," "Document," or "Documents" consistent with the Federal Rules of Civil Procedure and any document production protocol to be mutually agreed to by the parties and approved by the Court.

f. MGM objects to Plaintiff's purported definitions of the terms "concerning" and "relate(s) to" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome. In responding to these Interrogatories, MGM will construe the terms "concerning" and "relate(s) to" using their ordinary meaning.

g. MGM objects to Plaintiff's purported definition of the terms "Defendant," "MGM," "You," and "Yours" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and purports to impose a discovery obligation on persons and/or entities that are not parties to the action. MGM further objects

to Plaintiff's definition on the ground that it purports to require MGM to perform legal analysis concerning whether an entity "controls or is controlled by" or "is under common control" with MGM, directly or indirectly. In responding to these Interrogatories, MGM will construe the terms "Defendant", "MGM", "You" and "Yours" to mean and refer solely to MGM Domestic Television Distribution LLC.

h. MGM objects to Plaintiff's purported definition of the term "DISH" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to determine the corporate, ownership and/or governing structure of third parties and entities that MGM does not have knowledge of and/or are not parties to this case and to perform legal analysis concerning whether the requisite level of control exists among third party entities. In responding to these Interrogatories, MGM will construe the term "DISH" to mean and refer solely to DISH Network Corporation.

i. MGM objects to the term "Distributor" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to know the identities of every "corporation, limited liability company, partnership, firm, association or other organization that distributes or exhibits television content, including but not limited to MVPDs." In responding to these Interrogatories, MGM will construe the term "Distributor" to mean and refer solely to distributors with whom MGM has business dealings that are relevant to the subject matter of this litigation.

j. MGM objects to Plaintiff's purported definition of the term "exclusivity" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this definition to the extent that it purports to assert a legal conclusion or legal admission about any limited rights that any licensee may have in any pictures that MGM owns or distributes. MGM further objects to this definition as it renders the Interrogatories in which the term is used nonsensical. MGM further objects to this definition to the extent that it assumes that MGM has

1  granted any entity "the sole rights to exhibit, distribute, display or otherwise use
2  certain films or television episodes for a specific length of time." MGM further
3  objects to this definition to the extent it assumes that the limited rights that any
4  licensee may have in any pictures that MGM owns or distributes have uniform
5  definition and/or scope. MGM further objects to this definition to the extent it
6  requires MGM to review and analyze every contract with its licensee to determine
7  whether any rights or contract falls within Plaintiff's definition. In responding to
8  these Interrogatories, MGM will construe the term "exclusivity" using its ordinary
9  definition, to the extent Plaintiff's use of the word in its specific Interrogatories
10  does not preclude an intelligible response.

11  k.   MGM objects to Plaintiff's purported definition of the term "Exclusivity
12  Period" on the grounds that it is vague and ambiguous. Among other things, the
13  definition purports to incorporate another defined term "License Period" without
14  defining that term. Further, Plaintiff's purported definition does not appear to
15  define any term, but rather seeks to improperly mischaracterize the license periods
16  applicable to the Pictures it licensed under the Library Agreements as "exclusive."
17  Moreover, Plaintiff's definition of the term "exclusivity" as "a contract term or
18  agreement in which one party grants another party sole rights to exhibit, distribute,
19  display or otherwise exploit certain films or television episodes for a specific length
20  of time" renders the term "Exclusivity Period" nonsensical insofar as Plaintiff
21  intended its definition of "exclusivity" to be incorporated into the phrase
22  "Exclusivity Period." Starz was never granted the "sole rights to exhibit, distribute,
23  display or otherwise exploit certain films or television episodes for a specific length
24  of time" for any of the Pictures it licensed under the Library Agreements, and as
25  such, none of the license periods applicable to the Pictures it licensed under the
26  Library Agreements would qualify as an "Exclusivity Period." In responding to
27  these Interrogatories, MGM will construe the Interrogatories as referring to the
28  license period applicable to each of the Pictures Starz licensed under the Library

11

Gibson, Dunn & Crutcher LLP

1 Agreements.

2 l. MGM objects to Plaintiff's purported definition of the term "identify" on the grounds and to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court of the Central District of California, and all applicable rules and orders of this Court. MGM will construe the term "identify" using its ordinary definition.

m. MGM objects to Plaintiff's purported definition of the term "MGM's Library" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, MGM does not understand what Plaintiff means by "capable of licensing to other Persons." MGM further objects to this definition on the grounds and to the extent Plaintiff's use of the term in the Interrogatory purports to require MGM to produce any information concerning content that is not relevant to this action. In responding to these Interrogatories, MGM will construe the term "MGM's Library" to mean and refer to content that MGM owns or distributes.

n. MGM objects to Plaintiff's purported definition of the term "MVPD" on the ground and to the extent it purports to assert a legal conclusion or legal admission about the classification of any third parties. In responding to these Interrogatories, MGM will construe the term "MVPD" to mean and refer to Multichannel Video Programming Distributors.

o. MGM objects to Plaintiff's purported definition of the term "Plaintiff" and "Starz" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, MGM does not know the identity of all of Starz's "consultants, advisors, representatives, agents, attorneys, accountants, employees and all Persons acting or purporting to act on behalf of any of the foregoing." In responding to these Interrogatories, MGM will construe the term "Plaintiff" or "Starz" to mean and refer solely to Starz Entertainment LLC.

p. MGM objects to Plaintiff's purported definition of the term "Person" or

"Persons" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, MGM does not know the identity of all of the "directors, officers, agents and employees" of the "corporation, limited liability company, partnership, firm, association, government agency or other organization recognizable at law" to which Plaintiff may be referring. In responding to these Interrogatories, MGM will construe the term "Person" or "Persons" to mean or refer to any individual, corporation, limited liability company, partnership, firm, association, government agency or other organization recognizable at law.

q. MGM objects to Plaintiff's purported definition of the terms "Platform" or "Platforms" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, the definition purports to require MGM to know the identities of every "corporation, limited liability company, partnership, firm, association or other organization that provides a service that allows, enables or makes available the exhibition or distribution of films and/or television episodes, including but not limited to pay television networks, SVOD, AVOD and TVOD." In responding to these Interrogatories, MGM will construe the terms "Platform" or "Platforms" to mean and refer solely to platform(s) with whom MGM has business dealings that are relevant to the subject matter of this litigation.

r. MGM objects to Plaintiff's purported definition of the terms "Rights Tracking System" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Among other things, "any other process or procedure used by MGM" is vague and ambiguous. In responding to these Interrogatories, MGM will construe the term "Rights Tracking System" to mean and refer to a system, database, tracking program or other software program used by MGM to record, monitor or track licenses and/or holdbacks.

s. MGM objects to Plaintiff's purported definition of the terms "SVOD," "AVOD" and "TVOD" to the extent the definition differs from those contained in the "Library Agreements." In responding to these Interrogatories, MGM will

construe any terms used in the Library Agreements in accordance with the Library Agreements.

t. MGM objects to Plaintiff's purported definition of the terms "value" or "valuation" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. In responding to these Interrogatories, MGM will construe the terms "value" and "valuation" in accordance with their ordinary definition.

u. MGM objects to Plaintiff's instruction that "Other terms not defined herein and used in the Complaint shall have the same meaning as within the Complaint." MGM will construe words using their ordinary meaning unless MGM has specified a definition different from their ordinary meaning.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 12:**

Identify each instance in which MGM licensed a Picture to a third party during an Exclusivity Period, including for each Picture the name of the third party to which the Picture was licensed, the dates on which the Picture was licensed by MGM to that third party, and the period of overlap between the license to the third party and any Exclusivity Period.

**RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 12:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein. MGM further objects that the terms and phrases "Exclusivity Period" and "overlap" render this Interrogatory vague, ambiguous, overbroad, and unduly burdensome. MGM further objects to this Interrogatory on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions or assumptions that are disputed or erroneous, including Plaintiff's allegations or suggestions that it had the "sole rights to exhibit, distribute, display or otherwise exploit" any of the Pictures at any time. MGM further objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation, is disproportionate to the needs of the case,

imposes burdens and expenses that outweigh their likely benefit or is otherwise outside the proper scope of discovery. Among other things, the Library Agreements cover hundreds of Pictures as to which there is no dispute at all. As such, information concerning any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit. Moreover, even with respect to the Pictures in dispute in this case, any information concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. For example, the Library Agreements expressly provides that MGM may exhibit, or authorize the exhibition of, each of the Picture licensed under the Library Agreements via various media set forth in the Library Agreements during the license period applicable to any of the Pictures. The Library Agreements further provide that MGM may freely exploit any and all rights whatsoever outside the territory covered by the Library Agreements, both inside and outside of the license period applicable to any of the Pictures. As such, requesting MGM to identify each instance when it properly exercised its rights is overly broad, unduly burdensome, and disproportionate to the needs of this case. MGM further objects to this Request on the grounds that it is premature. In addition to the fact that the Court has not yet held a scheduling conference in this case, Plaintiff has not provided any information concerning the infringements or the breaches that it alleges in the Complaint, including when such infringements or breaches purportedly occurred, what media they occurred on, and the identity of the third party exhibitor that allegedly exhibited any Picture licensed to Starz during Starz's license period. Plaintiff should provide such information referenced in its Complaint before purporting to require MGM to provide any information concerning its claims. MGM further objects to this Interrogatory on the ground that it seeks confidential, proprietary, private, or commercially or competitively sensitive information concerning MGM and its business relationships. MGM further objects to this Interrogatory on the grounds it purports to require MGM to provide confidential information in the absence of any protective order. MGM further objects

15

to the extent this Interrogatory is duplicative and seeks information duplicative of other discovery requests served in this action, including its Request for Production Nos. 6, 8 and 10.  MGM further objects to this Interrogatory on the grounds and to the extent it seeks information that is not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.  MGM further objects to this Interrogatory on the ground that it contains discrete subparts and is compound.  The Library Agreements cover over 800 different titles.  Starz has asserted a different cause of action with respect to each Picture for which Starz alleges that MGM purportedly infringed Starz's purported copyright in the Picture.  As such, Starz has grossly exceeded the number of Interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:**

To the extent not covered by Interrogatory 12, identify each instance in which a Picture was exhibited by a third party with MGM's permission during an Exclusivity Period, including any Pictures that MGM published through Amazon's Prime Video Direct, and including for each Picture the name of the third party that exhibited the Picture, the date of each exhibition, and the period of overlap between any exhibition by a third party and any Exclusivity Period.

**RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 13:**

MGM restates and incorporates by reference its General Response and General Objections as though fully set forth herein.  MGM further objects that the terms and phrases "exhibited by a third party," "Exclusivity Period," "MGM's permission," "published," "overlap," and "exhibition" render the Interrogatory vague and ambiguous. MGM further objects to this Interrogatory on the grounds that it lacks foundation and assumes as true characterizations, definitions, arguments, allegations, assertions or assumptions that are disputed or erroneous, including Plaintiff's allegations or suggestions that it had the "sole rights to exhibit, distribute, display or otherwise exploit"

any of the Pictures at any time. MGM further objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation, is disproportionate to the needs of the case, imposes burdens and expenses that outweigh their likely benefit or is otherwise outside the proper scope of discovery. Among other things, the Library Agreements cover hundreds of Pictures as to which there is no dispute at all. As such, information concerning any Picture for which Plaintiff does not allege any copyright infringement or breach of contract are wholly irrelevant to this lawsuit. Moreover, even with respect to the Pictures in dispute in this case, any information concerning any time period, media, territories, or languages in which Starz did not have any rights have no relevance whatsoever to this lawsuit. For example, the Library Agreements expressly provides that MGM may exhibit, or authorize the exhibition of, each of the Picture licensed under the Library Agreements via various media set forth in the Library Agreements during the license period applicable to any of the Pictures. The Library Agreements further provide that MGM may freely exploit any and all rights whatsoever outside the territory covered by the Library Agreements, both inside and outside of the license period applicable to any of the Pictures. As such, requesting MGM to identify each instance when a third party may have properly exhibited the Pictures is overly broad, unduly burdensome, and disproportionate to the needs of this case. MGM further objects to this Request on the grounds that it is premature. In addition to the fact that the Court has not yet held a scheduling conference in this case, Plaintiff has not provided any information concerning the infringements or the breaches that it alleges in the Complaint, including when such infringements or breaches purportedly occurred, what media they occurred on, and the identity of the third party exhibitor that allegedly exhibited any Picture licensed to Starz during Starz's license period. Plaintiff should provide such information referenced in its Complaint before purporting to require MGM to provide any information concerning its claims. MGM further objects to this Interrogatory on the ground that it seeks confidential, proprietary, private, or commercially or competitively sensitive information concerning MGM and its business

Gibson, Dunn & Crutcher LLP

relationships.  MGM further objects to this Interrogatory on the grounds it purports to require MGM to provide confidential information in the absence of any protective order. MGM further objects to the extent this Interrogatory is duplicative and seeks information duplicative of other discovery requests served in this action, including its Request for Production Nos. 6, 8 and 10.  MGM further objects to this Interrogatory on the grounds and to the extent it seeks information that is not in MGM's possession, custody, or control; not obtainable at this time after reasonable investigation and diligent inquiry; not reasonably accessible to MGM; or no longer in MGM's possession, custody or control and which MGM was under no obligation to maintain.  MGM further objects to this Interrogatory on the grounds that it calls for information that is in possession, custody or control of third parties or nonparties.  MGM further objects to this Interrogatory on the ground that it contains discrete subparts and is compound.  MGM further objects to this Interrogatory on the ground that it contains discrete subparts and is compound.  The Library Agreements cover over 800 different titles.  Starz has asserted a different cause of action with respect to each Picture for which Starz alleges that MGM purportedly infringed Starz's purported copyright in the Picture.  As such, Starz has grossly exceeded the number of Interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Dated: February 16, 2021

**GIBSON, DUNN & CRUTCHER LLP**

By:   /s/ Jay P. Srinivasan
           Jay P. Srinivasan

Attorneys for Defendant MGM DOMESTIC TELEVISION DISTRIBUTION LLC

Gibson, Dunn &
Crutcher LLP