Steven M. Goldberg, SBN 82174
sgoldberg@mzclaw.com
MARKUN ZUSMAN FRENIERE
COMPTON LLP
3 Hutton Centre Dr., 9th Floor
Santa Ana, CA 92707
Telephone:  (310) 454-5900
Facsimile:  (310) 454-5970

Evan R. Chesler (*pro hac vice*)
echesler@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
wearnhardt@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Robert N. Klieger, SBN 192962
rklieger@hueston.com
HUESTON HENNIGAN LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:  (888) 775-0898

*Attorneys for Plaintiff*
*STARZ ENTERTAINMENT, LLC*

Jay P. Srinivasan, SBN 181471
jsrinivasan@gibsondunn.com
Blaine H. Evanson, SBN 254338
bevanson@gibsondunn.com
Minae Yu, SBN 268814
myu@gibsondunn.com
Jonathan N. Soleimani, SBN 295673
jsoleimani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Orin S. Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 351-2400
Facsimile:  (212) 351-6335

*Attorneys for Defendant*
*MGM DOMESTIC TELEVISION*
*DISTRIBUTION LLC*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| STARZ ENTERTAINMENT, LLC<br>Plaintiff,<br>v.<br>MGM DOMESTIC TELEVISION DISTRIBUTION LLC,<br>Defendant. | No.  2:20-CV-04085 DMG (KSx)<br><br>**JOINT DISCOVERY STATUS REPORT**<br><br>DISCOVERY MATTER<br>Honorable Karen L. Stevenson |

Pursuant to this Court's April 16, 2021 Order Re Discovery Disputes (Dkt. 65), Plaintiff Starz Entertainment, LLC ("Starz") and Defendant MGM Domestic Television Distribution LLC ("MGM" and, together with Starz, the "Parties") jointly submit this discovery status report.

## I. DOCUMENT PRODUCTION PROTOCOL

Following the Parties' conference with the Court on April 16, 2021, the Parties have met and conferred extensively regarding the Document Production Protocol (the "Protocol"), including telephonic conferences held on April 20, April 26, May 4 and May 19. Through these efforts, the Parties have agreed on most of the issues covered by the Protocol, as reflected in Exhibit A.

Only two provisions in the Protocol relating to (VI.7) redactions and (VI.10) family groups, which are highlighted in yellow in Exhibit A, remain in dispute. For the Court's convenience, the Parties' alternative proposals for those provisions are provided in the table below:

|  | Starz's Proposal | MGM's Proposal |
|---|---|---|
| VI.7 | Privileged and/or otherwise protected information may be redacted. No redactions for relevance may be made within a produced Document or ESI item. Any such redactions shall be clearly marked on the Document (*e.g.*, "privileged" or "work product"). Redacted Documents shall be identified as such in the Metadata. | Privileged and/or otherwise protected information, as well as commercially or competitively sensitive nonresponsive information contained within any responsive Document, may be redacted. Any such redactions shall be clearly marked on the Document (*e.g.*, "privileged" or "non-responsive material redacted"). Redacted Documents shall be identified as such in the Metadata. |
| VI.10 | A Document and all other Documents in its attachment range constitute a Family Group. If any member of a Family Group is determined to be responsive to a Party's document requests, then all members of that Family Group must also be considered as responsive. To the extent any Document within a | A Document and all other Documents in its attachment range constitute a Family Group. Responsiveness may be determined on Document by Document basis within a Family Group. Privileged or otherwise protected Documents and commercially or competitively sensitive nonresponsive Documents |

| | |
|---|---|
| Family Group is privileged, that Document may be redacted in full or in part but no Family Group shall be withheld on the basis of privilege unless the entire Family Group is privileged and/or otherwise protected. | need not be produced even if other Documents within the Family Group are responsive. |

The Parties have discussed these issues exhaustively but have reached an impasse. Consistent with the procedures set forth in Local Rule 37-1, on May 24, 2021, Starz sent MGM a letter identifying legal authority supporting its positions regarding these disputes, which Starz attaches as Exhibit B. The arguments and authorities in Exhibit B are also set forth in Starz's position below. In response, MGM has provided its position below in accordance with the Court's guidance to raise any disputes regarding the Protocol in the Joint Status Report. The Parties' dispute concerning redactions and family groups is now ripe for the Court's resolution.

### a.     *Starz's Position*

It is Starz's position that redactions of otherwise responsive documents and withholding of attachments within otherwise responsive families is not appropriate. *See, e.g.*, *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019) ("[U]nilateral redactions of otherwise discoverable information is disfavored in this circuit."). "[T]he Federal Rules contemplate only very limited unilateral redaction, such as under Rule 5.2," which is not applicable here; "[o]utside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *Id.* (quoting *Evon v. Law Offs. of Sidney Mickell*, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010)). The weight of authority condemns the unilateral redaction of information one party deems irrelevant from within responsive documents. *See, e.g.*, *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (holding that producing party

1  "may not redact otherwise responsive documents because those documents contain
2  irrelevant material" and requiring the defendant to reproduce unredacted versions of
3  any documents produced with redactions for relevance); *Durling v. Papa John's
4  Int'l, Inc.*, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) (noting that "redactions
5  on grounds of non-responsiveness or irrelevance are generally impermissible");
6  *Bonnell v. Carnival Corp.*, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014)
7  (producing party not allowed "the *carte blanche* right to willy-nilly redact
8  information from otherwise responsive documents in the absence of privilege").
9  Despite MGM's assertion that it would plan to redact only "wholly irrelevant"
10 information, it is well recognized that unilateral redactions of purportedly irrelevant
11 information within responsive documents "[e]ven when implemented with restraint
12 and in good faith . . . frequently give rise to suspicion that relevant material harmful
13 to the producing party has been obscured . . . [and it] tends to make documents
14 confusing or difficult to use". *In re Medeva Sec. Litig.*, 1995 WL 943468, at *3
15 (C.D. Cal. May 30, 1995).

16        This is particularly true where, as here, the parties have entered into a two-tier
17 protective order, which provides adequate protection for any proprietary or
18 confidential information that may be produced in this case and in fact prevents even
19 one member of Starz's outside counsel, Mr. Klieger, from receiving MGM's highly
20 confidential information (Dkt. 64). *See Virco Mfg. Corp. v. Hertz Furniture Sys.*,
21 2014 WL 12591482, at *5 (C.D. Cal. Jan. 21, 2014) (rejecting the withholding or
22 redacting of otherwise responsive documents where "a protective order is in place
23 to address concerns regarding privacy and potential misuse of information"). MGM
24 has identified no reason to believe that the Protective Order entered by this Court is
25 not sufficient to protect the Parties' commercially sensitive information. The
26 minimal risk of an inadvertent disclosure does not justify departure from the standard
27 rule. Further, MGM's proposal would only increase the burdens of production, and
28 it would likely result in additional motion practice before this Court over whether

any redacted information was truly irrelevant. *See Eclat Pharms., LLC v. W.-Ward Pharm. Corp.*, 2014 WL 12591094, at *5 (C.D. Cal. Apr. 3, 2014) (requiring re-review of all documents previously produced with redactions for relevance).

For the same reason, Starz maintains that the Parties should produce complete families of documents without withholding attachments to the otherwise responsive documents on the basis of relevance. This is because "[t]he Federal Rules of Evidence favor the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive" because the "federal evidentiary rules create, at minimum, 'a presumption . . . that if something was attached to a relevant e-mail, it is likely also relevant to the context of the communication.'" *Karnoski v. Trump*, 2020 WL 2736961, at *1, *3 (W.D. Wash. Mar. 4, 2020) (granting motion to compel production of "every non-privileged document in a family of one or more responsive documents"); *see also Virco Mfg. Corp.*, 2014 WL 12591482, at *5 (agreeing "with those courts which have disapproved of" the practice of failing to produce full document families, particularly where "a protective order is in place to address concerns regarding privacy and potential misuse of information"); *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2019 WL 581715, at *11 (S.D. Cal. Feb. 13, 2019) (granting motion to compel the production of email attachments because "emails produced in discovery should be accompanied by their attachments" as "[t]o do otherwise is effectively a redaction of responsive discovery"). Accordingly, it is Starz's position that responsive, non-privileged families of documents should be produced without the unilateral withholding of documents on the basis of relevance.

### b. MGM's Position

MGM submits that nonresponsive, irrelevant documents and information are not discoverable under the plain text of the Federal Rules. Fed. R. Civ. P. 26(b) (parties "may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense and ***proportional*** to the needs of the case") (emphasis

added).  Thus, Parties should not be required to produce non-responsive, commercially sensitive documents merely because they belong to a "family group" that may contain a responsive document.  Instead, "[t]he relevance of each document in a document 'family' should be assessed separately" and only responsive, relevant documents should be produced.  *G.P.P., Inc. v. Guardian Prot. Prods*., 2016 U.S. Dist. LEXIS 88926 at *2-3 (E.D. Cal. Jul. 8, 2016)); *accord Weidman v. Ford Motor Co*., 2021 WL 363560, at *3 (E.D. Mich. Feb. 3, 2021) ("[T]he Court agrees that Defendant is not required by the Federal Rules of Civil Procedure to produce nonresponsive and irrelevant email attachments."); *In Re: Zoloft Prod. Liab. Litig*., MDL No. 2342, 2013 WL 8445354, *4-5 (E.D. Pa. Oct. 31, 2013), adopted without objection, 2013 WL 8445280 (Nov. 19, 2013) (declining to order the production of non-responsive attachments to emails); *In re: Takata Airbag Prod. Liab. Litig.,* 2016 WL 1460143, at *2–3 (S.D. Fla. Mar. 1, 2016) (holding that a party does not need to produce irrelevant attachments and may redact irrelevant information contained in a document because litigants are "not entitled to receive every piece of irrelevant information").

Likewise, parties should be permitted to redact nonresponsive, commercially and/or competitively sensitive information within a responsive document.  "[C]ourts have found redaction appropriate where the information redacted was not relevant to the issues in the case."  *Bear Creek Cranberry Co., LLC v. Cliffstar Corp*., 2011 WL 2882078, at *3 (W.D.N.Y. July 15, 2011); *accord Diak v. Dwyer, Costello, & Knox, P.C.*, 33 F.3d 809, 813 (7th Cir. 1994) (upholding district court's denial of request for unredacted tax returns after finding that redacted material was irrelevant to issues at hand); *Holley v. Gilead Scis., Inc*., 2020 WL 2097602, at *3 (N.D. Cal. May 1, 2020) (permitting parties to redact irrelevant and commercially sensitive information); *Eclat Pharms*., 2014 WL 12591094, at *5 ("[P]laintiff contends in part that defendant should not be permitted to redact irrelevant information from otherwise relevant documents.  Plaintiff does not put forward an argument that the

redacted information is somehow relevant and thus discoverable. The Court will permit redaction in these circumstances."); *Kirsch v. Brightstar Corp.*, 68 F. Supp. 3d 846, 857 (N.D. Ill. 2014) ("Redacting documents that are non-responsive to a plaintiff's document requests and irrelevant to the litigation is appropriate."); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 222–23 (N.D. Ill. 2013) (permitting parties to redact business and financial information related to its other clients); *Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (holding that "Google may redact sensitive and private information . . . which [is] not relevant to the underlying litigation").

To be sure, MGM is not proposing that parties be permitted to redact information necessary to understand any responsive documents, such as words, phrases, or paragraphs that are integral to an email. Rather, redaction should be limited to nonresponsive, commercially or competitively sensitive information that is wholly irrelevant to this case and which may be isolated from relevant portions of a document, such as information relating to irrelevant transactions, licenses or titles. Similarly, if a document is necessary to understand other responsive documents in a family group, such documents should be produced. But parties should not be required to produce irrelevant and commercially sensitive documents, simply because a parent email or a single attachment in the same family group is responsive. Should any questions arise as to the redacted information or unproduced documents, the parties may meet and confer and, if necessary, submit any information or documents to the Court for *in camera* review.

Although a protective order has been entered in this case, the risk of inadvertent disclosure still remains. While MGM does not doubt that the Parties will endeavor to faithfully abide by the protective order, inadvertent or accidental disclosures are not predictable and may not be adequately forestalled in the design of a protective order. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). The potential injury that may result through inadvertent disclosure is

particularly great in this case, given that Starz and MGM have an ongoing business relationship and continue to engage in negotiations and Starz's counsel, Mr. Klieger, serves as a director of ViacomCBS, a direct competitor of MGM.

Whether any risk of inadvertent disclosure of confidential information is acceptable must be determined by balancing the potential injury to the party disclosing the confidential information against the need for access by the receiving party. *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000). In the case of commercially sensitive but relevant information, disclosure subject to a protective order is warranted in light of the parties' need to prepare for their case. For commercially or competitively sensitive information that is wholly irrelevant to the case, any risk of inadvertent disclosure is unnecessary and unduly burdensome. Accordingly, even in cases where there is a protective order in place, courts have held that redaction of irrelevant, sensitive information is proper. *See, e.g., Eclat*, 2014 WL 12591094, at *5; *Knoll*, 2012 WL 4466543, at *2.

## II.   STARZ'S DISCOVERY REQUESTS

Starz served its first set of document requests and first set of interrogatories on MGM on July 8, 2020. Starz served its second set of document requests and second set of interrogatories on MGM on January 15, 2021. MGM served its objections and responses to the first set of requests for production and interrogatories on February 9, 2021. MGM served its objections and responses to the second set of requests for production and interrogatories on February 16, 2021.

Since MGM served its responses, the Parties have held multiple meet and confer calls, including on March 24, April 1, April 6, May 19 and May 21, 2021, comprising over six hours of discussion. The Parties have made some progress. But there remain a number of disagreements that Starz believes are important to its case, including disputes concerning (i) the permissible scope of discovery in this case, and (ii) what discovery is impacted by the Court's partial stay entered on February 22, 2021 (Dkt. 52). Starz understood the Court to prefer that the Parties hold those

disputes in abeyance until after the June 16, 2021 Joint Status Conference, and, in the meantime, to work diligently with MGM to seek to resolve the disputes, which Starz has done. Unless the Parties are able to reach agreement, Starz expects to bring these disputes to the Court shortly after the Joint Status Conference.

      a.    *Starz's Interrogatories*

On April 16, 2021, following initial discussions and the entry of the Parties' Stipulated Protective Order on April 8, 2021 (Dkt. 64), MGM supplemented its responses to Starz's Interrogatories 1, 2, 3, 6 and 7 and produced 175 pages of organizational charts. MGM has not provided any further supplementation. The Parties are continuing to meet and confer regarding MGM's responses to Starz's Interrogatories 4-5 and 8-13 but appear to have ongoing disagreements with respect to Starz's Interrogatories 4, 8 and 11. To further narrow the disputes, MGM requested that Starz provide a letter with the information required under Local Rule 37-1, including each Interrogatory that Starz believes remains in dispute, Starz's position with respect to such Interrogatories, any legal authority Starz believes is dispositive of the disputes, and the terms of the discovery order to be sought so that MGM may further consider Starz's position. Consistent with the Court's guidance to hold any motions to compel in abeyance until after the June 16, 2021 Joint Status Conference, Starz has not initiated the process outlined in Rule 37-1 with respect to these Interrogatories but expects to do so following the June 16, 2021 Joint Status Conference.

      b.    *Starz's Requests for Production*

Starz and MGM are continuing to meet and confer regarding MGM's responses to Starz's first and second sets of requests for production ("RFPs"). MGM has produced organizational charts in response to Starz's First Set of Interrogatories but has not produced other documents. The Parties anticipate negotiating a search protocol and appropriate search terms in the near future. The Parties believe that any disputes with respect to RFP Nos. 2, 5, 7-10 and 19 may be resolved through

negotiations concerning appropriate search terms and custodians. The Parties are continuing to meet and confer to discuss Starz's RFPs 3-4, 6, 24-25 and 27. The Parties appear to have ongoing disagreements regarding Starz's RFPs 11-18, 20-23 and 26. As with the Interrogatories, MGM has requested that Starz provide the information required under Local Rule 37-1 with respect to any RFPs that Starz believes remain in dispute. Consistent with the Court's guidance to hold any motions to compel in abeyance until after the June 16, 2021 Joint Status Conference, Starz has not initiated the process outlined in Rule 37-1 with respect to these Requests for Production, but expects to do so following the June 16, 2021 Joint Status Conference.

### III. MGM'S DISCOVERY REQUESTS

MGM anticipates serving its first set of discovery requests before the upcoming discovery conference.

### IV. RULE 502(d) ORDER

The Parties submitted a joint stipulated Rule 502(d) Order on April 7, 2021. (Dkt. 63.) That Order has not yet been entered. The Parties respectfully request that the Court enter the joint stipulated Rule 502(d) Order.

| | | |
|---|---|---|
| Dated: June 1, 2021 | By: | /s/ J. Wesley Earnhardt |

Evan R. Chesler (*pro hac vice*)
echesler@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
wearnhardt@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Steven M. Goldberg, SBN 82174
sgoldberg@mzclaw.com
MARKUN ZUSMAN FRENIERE COMPTON LLP
3 Hutton Centre Dr., 9th Floor
Santa Ana, CA 92707
Telephone: (310) 454-5900
Facsimile: (310) 454-5970

Robert N. Klieger, SBN 192962
rklieger@hueston.com
HUESTON HENNIGAN LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

*Attorneys for Plaintiff*
*STARZ ENTERTAINMENT, LLC*

| | | |
|---|---|---|
| Dated: June 1, 2021 | By: | /s/ *Jay P. Srinivasan* |

Jay P. Srinivasan, SBN 181471
jsrinivasan@gibsondunn.com
Blaine H. Evanson, SBN 254338
bevanson@gibsondunn.com
Minae Yu, SBN 268814
myu@gibsondunn.com
Jonathan N. Soleimani, SBN 295673
jsoleimani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

*Attorneys for Defendant*
*MGM DOMESTIC TELEVISION*
*DISTRIBUTION LLC*

### Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, J. Wesley Earnhardt, attest that the signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| | | CRAVATH, SWAINE & MOORE LLP |
| Dated: June 1, 2021 | By: | /s/ *J. Wesley Earnhardt* |
| | | J. Wesley Earnhardt |