# Exhibit E

JAY P. SRINIVASAN, SBN 181471
   jsrinivasan@gibsondunn.com
MINAE YU, SBN 268814
   myu@gibsondunn.com
JONATHAN N. SOLEIMANI, SBN 295673
   jsoleimani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ORIN SNYDER (*pro hac vice forthcoming*)
   osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Defendant MGM DOMESTIC TELEVISION DISTRIBUTION LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STARZ ENTERTAINMENT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MGM DOMESTIC TELEVISION DISTRIBUTION LLC,<br><br>    Defendant. | CASE NO. 2:20-cv-04085-DMG-KS<br><br>**DEFENDANT MGM DOMESTIC TELEVISION DISTRIBUTION , LLC'S DECLARATION OF MINAE YU IN SUPPORT OF JOINT STIPULATION RE: STARZ'S ENTERTAINMENT, LLC'S MOTION TO COMPEL**<br><br>Date: August 18, 2021<br>Time: 10:00 a.m.<br>Honorable Karen L. Stevenson<br><br>Fact Discovery Cutoff: June 21, 2022<br>Expert Discovery Cutoff: Sept. 6, 2022<br>Pretrial Conference: Sept. 27, 2022<br>Trial: Oct. 25, 2022 |

Gibson, Dunn & Crutcher LLP

## DECLARATION OF MINAE YU

I, Minae Yu, declare and state as follows:

1. I am an attorney at law duly admitted to practice law in the State of California and the United States District Court for the Central District of California. I am an associate at Gibson, Dunn & Crutcher LLP, and I am one of the attorneys at my firm responsible for representing Defendant MGM Domestic Television Distribution, LLC ("MGM"). I make this declaration in support of MGM's positions in the Local Rule 37-2 Joint Stipulation Re: Starz Entertainment LLC's ("Starz") Motion to Compel (the "Joint Stipulation"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

2. In 2019, before Starz filed the instant lawsuit, Starz contacted MGM, alleging an infringement of the parties' licensing agreements with respect to one title. In an effort to cooperate with Starz and address its concerns, MGM undertook a search for third-party licenses that potentially conflicted with Starz's limited rights. From September 2019 to March 2020, MGM provided Starz with information about titles that may have been licensed in conflict with Starz's rights. In an abundance of caution, MGM included titles that needed further investigation but that, ultimately, were found to have no associated breach/infringement. I assisted MGM in this pre-litigation dialogue with Starz.

3. After Starz served the Requests for Production and Interrogatories at issue in the instant Motion, I participated in multiple telephonic meet and confer conferences with counsel for Starz. During these telephone calls, I repeatedly explained to Starz's counsel that MGM was not taking the position that Starz was entitled to no discovery as to the extent of MGM's alleged breach. I also explained to Starz's counsel that MGM was not taking the position that Starz was entitled to no discovery on damages or willfulness. Instead, I explained that it was MGM's position that many of Starz's Requests for Production and Interrogatories were overbroad and unduly burdensome

because they swept in discovery on titles that were not at issue in the case. I proposed ways to narrow the Requests and Interrogatories, such as negotiating search terms and custodians, that would better target relevant and proportional information.

4. As stated in its Complaint, Starz claims that its investigation uncovered titles that MGM allegedly licensed to others in breach of its agreements with Starz. I asked counsel for Starz to provide any information it might have about these additional titles, but Starz's counsel refused to do so.

5. During the meet and confer correspondence with counsel for Starz, I informed Starz that MGM would be willing to discuss the type of information about MGM's prelitigation investigation that may be shared, but also noted the concern that aspects of the information are likely to be privileged or attorney work product.

6. At the parties' last meet and confer conference on May 19, 2021, the parties agreed to inquire with their respective clients about possible ways to reach compromise, and Starz's counsel represented that it would provide MGM with a letter explaining how each of its requests are relevant and proposing compromises so that MGM could consider and respond appropriately. During the following seven weeks culminating in the July 6, 2021 discovery status conference with the Court, I never heard back from Starz on these discovery disputes or received any letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 27, 2021 in Los Angeles, California.

                                       /s/ *Minae Yu*
                                       Minae Yu